C. OVERMAN and others *v.* THOMAS GRIER, Adm'r., &c.

In a creditor's bill against an administrator, when it is found upon a reference to ascertain the debts, that the fund is sufficient to pay such debts, a judgment against the administrator, on the admission of the debt, is taken as full proof; for the reason that the other creditors are not interested in the matter.

On the contrary, when the fund is not sufficient to pay the debts, each creditor is allowed to dispute the debt of any other, and the debt of such other creditor must be proved *de novo* before the referee; for in such case the creditors have a direct interest in the question, debt or no debt, inasmuch as its allowance will diminish the fund *pro tanto*.

The makers of a promissory note, being indebted to A, made it payable and delivered it to B and C, administrators for the purpose that the amount of the note might be credited on a claim due their intestate from A: *Held*, that the acceptance of the note by B and C, although they refused to credit A with the amount, enured to his, A's benefit, and that he had a right to hold the makers responsible for the amount.

CIVIL ACTION, creditor's bill against the estate of the defendant's intestate, tried on exceptions to the report of the Commissioner, by his Honor, *Judge Moore,* at the Special (July) Term, 1873, of MECKLENBURG Superior Court.

At Spring Term, 1869, it was referred to E. A. Osborne, the Clerk of the Court, to report the amount of indebtedness against the estate of Z. N. Grier, the defendant's intestate. After advertising for the creditors to come in and file their

claims, the Clerk made a report, which was excepted to by the plaintiffs, because he had included a debt, as duly owing by the estate of Z. N. Grier, the intestate, to R. F. Davidson, which should not be a charge against said estate, for the reason, that the note offered in evidence by said Davidson was payable to Jos. W. Wilson and Wm. Johnston, as executors of Wm. Carson and never accepted by them, and that the same was never intended by the makers of the note to operate as an indebtedness on their part to said Davidson.

And further, that the debt reported as owing to C. Dewey, was compromised at a sum greatly less than the amount reported by the Clerk, and that the parties interested therein have no right to claim a dividend on the nominal amount of principal and interest on said debt as reported.

It was referred back to the Clerk to report the facts in regard to the debts excepted to, who found the same and reported as follows:

" The note of $1,780 on W. W. Elms, and Z. N. Grier as his surety, was made payable to J. W. Wilson and Wm. Johnston, executors of Wm. Carson, or order, and dated Sept. 30th, 1850 ; the consideration for which was the interest of R. F. Davidson in the stock of goods owned by the then firm of W. W. Elms & Co., of which R. F. Davidson was then a member. That the note was drawn by Elms payable to Wilson and Johnston, executors as aforesaid, in order that it might be used by said Davidson as a credit on a note which he, Davidson, owed to said executors, which accounts for its not having been drawn payable to Davidson himself. That Davidson commenced a suit on the note in the Superior Court against said Elms & Grier in 1860, and that a suit in equity was commenced on the same at Fall Term, 1870, the former being brought in the name of Wm. Johnston and J. H. Wilson, executors of Wm. Carson, to the use of R. F. Davidson, against said Elms & Grier. That upon the death of Z. N. Grier, his administrator, Thomas Grier, the defendant herein was duly made a party to said suits, and that at the Spring Term, 1870,

of the Superior Court of said county, the suits were compromised according to terms filed, to wit: that Davidson was required to pay all the costs of both of the said suits, and be allowed to prove his claim against the estate of the said Z. N. Grier, to the extent of the said note, and that he, Davidson, has paid the costs in both said suits. It was also reported as a fact in the cause, that J. H. Wilson and Wm. Johnston, executors of said Wm. Carson, refused to accept or receive said note as a credit upon Davidson's indebtedness to the estate of their testator, and that said Davidson held said note under the impression and belief that the makers thereof were bound to him for its payment. The note was duly presented and proven before the Clerk, within the time prescribed by the order of the Court for the crediditors to come."

Upon the foregoing facts, his Honor gave judgment permitting the said note of R. F. Davidson to be proved against the estate of the said Z. N. Grier, from which judgment the plaintiffs appealed.

*Bailey & McCorkle* and *R. Barringer,* for creditors.

*J. H. Wilson,* contra.

PEARSON, C. J. This is a "creditor's bill" under the old mode of procedure. We find upon an examination of the authorities referred to, Adams' Eq. 252 (582,) the rule is, where the fund is *sufficient,* upon a reference to ascertain the debts, a judgment against the executor or administrator on the admission of the debt, is taken as full proof, for the reason that the other creditors are not interested in the matter. But when the fund is *not sufficient,* each creditor is allowed to dispute the debt of any person claiming to be creditor, and the debt must be proved *de novo,* before the referee; for in such cases the creditors have a direct interest in the question, debt or no debt, inasmuch as its allowance will diminish the fund "*pro tanto.*"

In our case the fund is insufficient, and according to the rule, the other creditors are at liberty to dispute the validity of the

claim set up by R. F. Davidson, and are not bound by the admission or the supposed estoppel of the administrator of Zanus Grier, growing out of the compromise between the administrator and R. F. Davidson, by which Davidson dismissed the two suits, referred to in the pleadings, and paid the costs, and the administrator agreed in consideration thereof " to allow Davidson to prove his debt against the estate to the extent of the note."

2. We concur with his Honor in the conclusion, that the facts found prove that the note was delivered to Wilson & Johnson, although they refused to allow it as a credit, upon Davidson's indebtedness to their testator.

Davidson paid full value for the note by accepting it in satisfaction for his interest in the stock of goods, owned by the firm, Elms & Co., of which Davidson was a member ; and the re port finds " that the note was drawn by Elms, payable to Wilson & Johnston, executors, in order that it might be used by Davidson as a credit on a note, which he, Davidson, owed to said executors. This accounts for its not being drawn payable to Davidson himself."

So Davidson was the beneficial owner of this note, it was not made for his accommodation, but as a matter of business, and he accepted the delivery in the name and as agent of Wilson and Johnston, under the expectation that they would give him credit for the amount upon a debt which they held against him. It is true, they refused to accept the note *as a credit,* but there is no evidence that they objected to his having acted as their agent, in accepting delivery for them, on the contrary, the presumption is, that they did not refuse to ratify his act, so far as to give validity to the note, and allow the legal title to stand in their names for the use of Davidson.

There is no reason why they should have refused to ratify his action in accepting delivery, although they refused to allow it as a credit. All of the circumstances show that they did not refuse to ratify his action, so far as to give legal effect to the

note. For Davidson keeps the note and brings an action in their names, for his use, which action pended for several years without objection on their part.

We concur with the ruling of his Honor.

PER CURIAM.                    Judgment affirmed.