WORDSWORTH and McDOWELL v. M. L. DAVIS, Adm'r.

Where a creditor's bill is filed against the estate of a person deceased, and the assets are not sufficient to pay the outstanding debts, each creditor is at liberty to dispute the debt of any other creditor; and the debt so disputed must be proved *de novo;* the debt of the original plaintiff in the bill may be thus disputed by any other creditor. And in such case, it is competent for any creditor who has proved his debt to plead the Statute of Limitations in bar of the debt of any other creditor of the estate.

(The case of *Overman* v. *Grier,* 70 N. C. Rep. 693, cited and approved.)

MOTION, in the cause heard before SCHENCK, J., at Fall Term, 1875, of MECKLENBURG Superior Court. The record upon appeal discloses the following

CASE AGREED :

James H. Davis, late of Mecklenburg County, died in the year 1867, intestate, and at October Term of said year the defendant administered upon his estate. The estate of the intestate proving largely insolvent, the plaintiffs filed a Creditor's Bill in Equity, returnable to Fall Term, 1868, to have the assets of the estate marshalled, the realty sold and the proceeds distributed equitably among the creditors.

At Spring Term, 1869, an interlocutory decree was made in the cause, by which it was ordered :

1. That the case be referred to E. A. Osborne, Clerk of of this Court, to take an account of the assets of the estate as well as of the extent of the indebtedness thereof.

2. That said Osborne cause public notice to be given in the " Western Democrat" and other papers printed in Charlotte, for the creditors of said J. H. Davis to come before him and prove their debts, and that he fix a peremptory day for that purpose ; and that such of them as may fail or refuse to come in and prove their debts by the time so to be limited, shall be excluded the benefit of this decree.

That in pursuance of this decree, said Osborne made pub-

lication as thereby directed, for all creditors of said estate to come in and prove their debts before him, within sixty days of the said notice, and made his report of the debts thus proved, as well as the assets in the hands of the administrator, to the next term of the Court.

At a special term of said Court, held in 1871, another decree was made in said cause, in which the defendant was ordered and decreed to distribute the assets in his hands, among the creditors of the estate, according to their respective legal rights ; and it was further ordered, that publication be made for sixty days, for other creditors to come in and prove their debts before the Clerk within said time. That publication was made in pursuance of said order, in one of the newspapers published in the city of Charlotte.

That in pursuance of said decree, two instalments have been paid to creditors who came in and proved their debts. There is a considerable sum undistributed, and the cause is still pending.

At May Term, 1874, one N. H. D. Wilson, as assignee in bankruptcy of the Bank of Cape Fear, filed his petition in this cause praying the Court to allow him to prove a debt against said estate, alleged by him to be owing to the Salem branch of said Bank, to the amount of $9,000, due by note dated December 2d, 1861, and payable ninety days thereafter. To this petition the defendant filed an answer. The motion prayed for in the petition was heard at May Term, 1874, and upon argument was refused by the Court, but the Court did not find the facts in the case or enter a formal judgment therein.

At Fall Term, 1875, a petition was filed in the cause by I. G. Lash, setting forth that he was the owner of the note set forth and described in the aforesaid petition of N. H. D. Wilson, and praying that he might be allowed to prove the same in his own name against the estate of the defendant's intestate. To this petition an answer was filed by the de-

fendant. The case coming on to be heard the Court made the following order :

" Motion by I. G. Lash to open the account in this case and allow him to prove an alleged claim against the estate of James Davis, deceased. This motion was based on the affidavits filed and the Court finds :

1. That there is a *prima facie* case of indebtedness established by said Lash against James Davis, deceased.

2. That said Lash has not been guilty of negligence in presenting his claim, and that he did not have notice of the order for creditors to establish their debts.

It is therefore ordered by the Court, that the administrator be restrained from paying out the funds in his hands to the other creditors until the further order of this Court. It is further ordered that the following issues be submitted to a jury :

1. Did James Davis, deceased, as security for A. A. N. M. Taylor, execute and deliver to I. G. Lash a promissory note for $9,000.00, dated December 2d, 1861, and due ninety days after date?

2. Is said note barred by the statute of limitations?

This motion is retained for further order."

From this order the defendant appealed.

*Wilson & Son,* for appellant.
*Jones & Johnson,* contra.

BYNUM, J. In a creditor's bill seeking payment out of assets in a course of administration, the first inquiry is as to the debt. If there is any question about that, the Court will require the parties to establish their right at law before proceeding to administer the estate, and to enable them to do so will sometimes retain the bill with liberty to bring an action or submit an issue to the jury. But if the facts are

11

before the Court so that it can be seen that the petitioning creditor is not entitled to relief, the Court will not put the parties to the expense and useless formality of submitting an issue to the jury.

When it is admitted or found on reference that the fund is sufficient to pay the debts, one creditor has no interest in disputing the claim of another creditor. But when the fund is not sufficient to pay the debts, each creditor is allowed to dispute the debt of any other, and the debt of such other must be proved *de novo* before the referee, for in such case the creditors have a direct interest in the question of debt or no debt, inasmuch as its allowance will diminish the fund *pro tanto*. *Overman* v. *Grier*, 70 N. C. Rep., 693. And a creditor may thus impeach the debt of another creditor who offers to prove his debt, though such last mentioned creditor may have been the plaintiff in the suit and obtained the decree for an account for the debts. 2 Spencer Eq. Jurisdiction, 361; *Tomlin* v. *Tomlin*, 1 Hare, 248; Seton on Decrees, 252; *Watson* v. *Parker*, 2 Phillips, 8.

The note offered to be proved against the estate of the intestate was executed in 1861. The Statute of Limitations was suspended until January, 1870, when it began to run against the note. The petition to be allowed to prove the debt in the creditor's suit was not filed until May, 1874. The statute had then barred the creditor's right of action upon the note, and the estate of the intestate being insufficient to pay the debts, it was competent for the creditors, who had made themselves parties to the bill and proved their debts, to object to the proof of the Lash note, and plead the Statute of Limitations in bar of such debt.

Nothing is shown or offered to take the case out of the operation of the Statute. After January, 1873, Lash could not have maintained an action on the note, without a new promise. As the debt could not be recovered in an action

against the administrator, of course it cannot be proved against the estate.

There is error. Judgment reversed, and cause remanded to be proceeded with in accordance with this opinion.

PER CURIAM. Judgment reversed.