G. W. LONG, Adm'r, and others v. BANK OF YANCEYVILLE.

*Creditors' Bill—Parties—Practice.*

1. It is error to vacate an order admitting a creditor as a co-plaintiff of record in a creditors' bill for an alleged irregularity occurring before the personal representatives of certain deceased defendants had been brought in by service of process.

2. The right of any creditor to become a plaintiff in such case rests upon the same ground as his right to sue alone, and the possession of evi-

dences of debt accompanied by a verifying affidavit, makes a *prima facie* case sufficient to warrant the order of admission.

3. The practice of making one suit answer in place of many, is for the protection of the person administering the fund, and to secure a prompt settlement thereof.

(*Overman* v. *Grier*, 70 N. C., 693; *Wordsworth* v. *Davis*, 75 N. C., 159, cited and approved.)

MOTION heard at Fall Term, 1881, of ALAMANCE Superior Court, before *Gudger, J.*

From the judgment below, the petitioner, C. J. Cowles, appealed to this court.

*Messrs. E. S. Parker* and *Merrimon & Fuller*, for petitioner.
*Messrs. Graham & Graham* and *E. B. Withers, contra.*

SMITH, C. J. When this cause was before us at June term, 1879, upon an appeal from an order denying the petitioner's application to become a party plaintiff, we remarked that "the answer sets up substantially the same matters of defence to the application which are relied on in the original answers," and that the issues thus made "should have been first determined before the summary order of the court." Accordingly at spring term, 1880, the following decretal order was entered:

"This cause coming on for hearing upon the motion of C. J. Cowles to be made a party plaintiff thereto, it appearing to the satisfaction of the court upon reading and filing the affidavit of said Cowles, that he is a party in interest in this action, it is ordered that he be made and set down as a party plaintiff in this action, and that he file his complaint as of this term, said complaint to be filed on or before the first day of the next term," with a further direction to make the personal representatives of certain deceased defendants parties in their stead. At fall term, 1881, on motion of defendant's counsel, so much of this order as admitted the

petitioning creditor as a co-plaintiff of record, was vacated for an alleged irregularity in that it was made before the said personal representatives had been brought in by service of process, and from this judgment he appeals.

A creditor's suit, or action as it is now termed, instituted by some on behalf of themselves and others, is in substance the suit of all the creditors, a consolidation and union into one of what would otherwise be a series of separate and independent actions, prosecuted by each for his own relief. " As soon as the suit is begun," in the language of Mr. Justice STORY, "all the creditors are in a sense before the court." Story's Eq. Pl., § 99. In the succeeding section the author quotes the words of LORD REDESDALE in refer-ence to this class of cases thus : " As a single creditor may sue for his demand out of the personal assets, it is rather matter of convenience than indulgence to permit such a suit by a few on behalf of all the creditors ; and it tends to prevent several suits by several creditors which might be highly inconvenient in the administration of assets, as well as burthensome on the fund to be administered."

" As all the creditors are to be paid in proportion," ob-serves another writer on equity jurisprudence, " when any creditor institutes a suit to obtain the benefit of the trust, the decree must be such that *all other* creditors may come in under it and thus the proper proportion of each may be ascertained." 2 Spence. Eq. Jur., 314; Mitford's Eq. Pl., 223.

The practice of making one suit answer in place of many is adopted for the protection of those who are charged with the administration of the fund as a means, convenient and prompt, of securing a settlement and the apportionment of their respective shares among the claimants. In the ad-ministration of the estates of deceased insolvent debtors, it is regulated by statutory provisions. Bat. Rev., ch. 45.

As each creditor can sue alone, unless restrained by the

pendency of an action on behalf of all, in which he may find a full and adequate remedy, his right to participate in the prosecution of the latter and become an associate plaintiff, rests upon the same ground as his right to bring and prosecute a separate action for himself. While none but creditors are thus admitted, the possession of evidences of debt or claims, accompanied by a verifying affidavit, makes a *prima facie* case sufficient to warrant the order of admission. The admission concludes none of the defences which would be set up to his claim in a separate suit, and any other creditor can contest his, as he can their respective claims, to participate in the distribution of the fund when it is insufficient to pay all. *Overman* v. *Grier*, 70 N. C., 693; *Wordsworth* v. *Davis*, 75 N. C., 159. In the case last cited, an applying creditor was not allowed to prove his debt, opposed by other creditors, because it was barred by the statute of limitations upon his own showing. But this application was made after the time allowed for proving the debt had expired, and two instalments had been paid to creditors,— more than five years after the interlocutory order of reference was made. The motion was, not to be allowed to take part in the conduct of an undetermined action for the common advantage of all, but to prove his own subsisting debt and right to share in the fund, and hence the application itself involved an inquiry into the validity of the claim and exposed it to every just defence. To permit the proof was to establish the debt, and it was contested *in limine*.

The rescinded order made provision for the filing of a complaint by the introduced party in order that his demand, as well as that of the suing creditor, should be open to all legal defences; and to allow resistance upon the same grounds to be made to the admission is to have the same issues and the same controversy twice tried and in the same action. The appellant was therefore properly admitted upon his own showing as a plaintiff, and the prior action

of the court ought not to have been disturbed. But his Honor put his ruling upon the ground of an irregularity in making the order during the absence of the representative defendants. This constitutes no sufficient objection to the order. A *new plaintiff* is not admitted nor the pleading amended to let him in. The applicant, as a creditor, was already a plaintiff at his election to come in and comply with the prescribed conditions, and is simply recognized and entered on the record as such on proof that he is a creditor. The enlargement of the number of those who prosecute can in no wise affect injuriously the interests, or impair the rights of the defendants. The suing plaintiff accepts him as such; the defendants are free to contest his claim and resist the action afterwards as before.

There is error in setting aside the former order for the cause assigned and the judgment vacating the same must be reversed. Let this be certified.

Error.                                                                    Reversed.