TERRY and others *v.* PRESIDENT AND DIRECTORS OF THE BANK OF CAPE FEAR and others.

*(Circuit Court, W. D. North Carolina. June Term, 1884.)*

1. CREDITORS—INSOLVENT BANK—CONTRIBUTION—CREDITOR STOCKHOLDERS.
    In proceedings in the nature of a creditor's bill, to force certain accessible stockholders to contribute in order to satisfy creditors of an insolvent bank, in the court's decree was considered the amount of the whole indebtedness, the number of shares of stock, and the liability of all the stockholders, in effect reducing the *pro rata* amount of liability of each defendant. The stockholder creditors, although *quasi parties* in that their interests were represented by the defendants in resisting the demands of the plaintiffs, were not actual parties, and so cannot be included in the decree and made to contribute their part. But if, thereafter, they come as creditors to claim a part of the fund, the plain principles of equity and justice would deny their right.

2. SAME—PARTIES BEFORE MASTER.
    In order to become a party to an action by simply proving a claim before the master, the person's rights must have existed at the commencement of the suit and been represented by the original plaintiff. He cannot be considered as thus represented, if, at the time of the filing the bill, he was a debtor, and his rights inconsistent with and adverse to the rights of the plaintiff.

3. SAME—HE WHO SEEKS EQUITY MUST DO EQUITY.
    If one seeks equitable relief against another he must perform or offer to perform an equitable duty in relation to the subject-matter in controversy.

4. SAME—NOTE.
    Stockholder creditors who have contributed, admitted to the benefit of the fund, and the bar of limitations removed as to them.

In Equity.
*Thos. W. Strange*, for motion.
*J. H. Dillard* and *W. S. Ball, contra.*

DICK, J. At the April term of this court a motion in this cause was made by Thomas W. Strange, administrator of Robert Strange, deceased, and of Thomas H. Wright, deceased, to be allowed to participate in the distribution of a fund in the hands of the court, for

the benefit of creditors, to the extent of bank-bills proved by him before the master as belonging to the estates of his intestates, who were reported as stockholders in the Bank of Cape Fear at the time of the filing of the bill.

In order that my opinion in this matter may be more readily intelligible, I deem it necessary to make a brief statement of some of the material facts and previous proceedings in this cause.

The Bank of Cape Fear was duly constituted and organized as a corporation under the laws of this state. In the course of business it became insolvent, and was duly declared a bankrupt, and the defendant N. H. D. Wilson was appointed assignee. It was soon ascertained, by the proceedings in the court of bankruptcy, that the assets of the corporation would pay only a very small part of its indebtedness. The plaintiff, in behalf of himself as a billholder, and all other creditors in like situation, brought this suit against the stockholders to subject them to their individual liability, under a provision in the charter of said bank. As the stockholders were liable to a common obligation, and were so numerous that a suit could not be brought and conducted against all of them without great inconvenience, expense, and vexatious delay, the bill was filed against about 25 of them, that number being deemed sufficient to represent the common interests of all against the demands of the plaintiff and other creditors. Process was duly served upon all the defendants named in the bill, and they entered an appearance and filed a joint answer. In due course of the court the cause was set for hearing, and was heard at the April term, 1877, when a preliminary decree was made, declaring and adjudging the right of the plaintiffs and other creditors to recover their debts, and that each stockholder was liable to pay such debts in the proportion of twice the amount of his stock. He must pay a sum which shall have the same proportion to the whole indebtedness of the corporation that twice his stock bears to the whole number of shares of stock. A reference was made to John N. Staples, as a commissioner, and he was directed, after giving due notice, to ascertain and report the names of the creditors and the amounts of their respective debts, the whole number of the shares of stock, and the names of the stockholders, and the number of shares owned by each of them at the time of the filing of the bill, and make a *pro rata* estimate of the indebtedness, and assess each defendant with the amount of his proportionate liability, as indicated in the decree.

At the April term, 1878, the commissioner made his report, when exceptions were filed on both sides and were set down for argument. Sometime during the course of these proceedings an order was granted, on motion of the plaintiffs' counsel, that a notice be issued to the stockholders mentioned in the commissioner's report, who were not already actual parties, to show cause why they should not be made parties defendant, and be bound by the orders and decrees made in the court. The counsel of plaintiff, after seeing and considering

the decision of the supreme court in the case of *Godfrey* v. *Terry*, 97 U. S. 171, concluded to abandon the proceeding, as such stockholders could avail themselves of the statute of limitations as a defense. Many of these stockholders had proved, and afterwards proved, claims as billholders before the master.

At the October term, 1882, the court, after hearing argument as to the exceptions filed, confirmed the report of the master, and made an appropriate decree for enforcing the rights of the plaintiff and other creditors. In obedience to this decree nearly all of the defendants paid the amount of their assessed indebtedness into court, and the sum thus realized was placed in the hands of R. H. Battle and Thomas Ruffin to make full distribution when some outstanding difficulties were adjusted. An order was made that a 3 per cent. dividend be paid to all the creditors before the court, except the stockholders who are not parties defendant and have not contributed their proportionate shares to the fund; and the question as to their rights to share in the distribution as creditors was reserved for future determination.

The motion made at the April term, 1884, by Thomas W. Strange, administrator of Robert Strange, and of Thomas H. Wright, who were stockholders and not parties defendant, presented the question which had been reserved in the first order of distribution. After hearing argument, the motion was continued to this adjourned term for decision, with the request that the counsel furnish briefs for the consideration of the court.

I will first consider the rights of billholders, who are also stockholders, to share in the distribution of a fund collected from their co-stockholders,—conceding that such billholders, by simply proving their claims before the master, are properly constituted as parties plaintiff under a bill filed by a creditor who had no connection with the corporation. As a general rule, a court of equity will not entertain a bill which requires it to ascertain and adjust conflicting claims between plaintiffs, for their rights must be consistent when the bill is filed. But in a creditor's bill, where the rights of the plaintiffs are consistent and similar as against defendants, and a common fund has been realized under a decree, and such fund is insufficient to pay all the debts, each creditor is allowed to dispute the claim of any other, and such disputed claim must be proved *de novo* before the master, for in such case the disputing creditor has a direct interest in the question of debt or no debt, inasmuch as its allowance will diminish the fund *pro tanto*. A disputing creditor may show that a claim previously proved is barred by the statute of limitations, even though the claiming creditor had filed the bill and obtained the decree for the administration of the fund. Ad. Eq. 258; *Wordsworth* v. *Davis*, 75 N. C. 159. In administering such a common fund a court of equity will also ascertain and adjust questions of priority of one creditor over another. In the case before us the general

creditors, át the time of filing the bill, were entitled to such relief against all the stockholders of the insolvent bank, to the extent of their liability under the charter, and if all had been made defendants by personal service of process, they might have been made liable by decree.

We will now consider the question whether the stockholder creditors have equal equities with the general creditors who filed the bill to enforce the individual liability of the stockholders under the provision of the charter of the insolvent corporation. The bill was filed against the defendants as the representatives of a numerous class, who were under a common but several liability, and equally interested in resisting the demands of the plaintiffs. In entertaining the bill the court departed from the general rule of courts of equity requiring the presence, as parties, of all persons materially interested in the subject-matter involved, as a sufficient number to meet the ends of justice were before the court to represent the rights of all who were liable to the demands of the plaintiffs. In framing the decree the court considered the amount of the whole indebtedness of the insolvent corporation, the number of the shares of stock, and the liability of all the stockholders, and decreed only a *pro rata* contribution by the defendants towards the payment of the entire indebtedness, in the proportion that the stock held by the defendants bore to the whole number of shares of stock. In adopting this ratio of proportionate liability the court indicated the rights of the general creditors and the several liabilities of all the stockholders. This rule operated against the general creditors, and in favor of the defendants, to the extent of the shares of the stockholders who were not actually before the court, as it reduced the *pro rata* amount of liability of each defendant. The stockholder creditors, although their common interests were represented by the defendants in resisting the demands of the plaintiffs,— and for that purpose they were *quasi* parties,— could not be included in the decree, and be compelled to pay their proportionate amount to the fund for the benefit of creditors, as they were not actual parties. Now, when they come to claim a part of such fund, which is wholly insufficient to pay all the debts of the general creditors, it seems to me that the plainest principles of equity and common justice require the court to disallow their claims. At the commencement of this suit they were liable to the general creditors to contribute to the fund for the payment of the outstanding bills of the insolvent bank, and that liability has not been discharged by payment, but the remedy of the creditors has been barred by the statute of limitations. "He who seeks equity must himself do equity," is a well-established maxim. The stockholders who are creditors must contribute their proportionate indebtedness to the common fund · before they can equitably claim to participate, on equal terms, with the other creditors in the distribution of money obtained from their less fortunate co-stockholders. It is only when parties have equal

rights that a court of equity acts upon its favorite maxim, "Equality is equity. The object of courts of equity in devising the liberal and inexpensive rules of procedure in creditors' bills was to administer justice, and they will not suffer such rules, founded in their own sense of propriety and convenience, to become the means of working injustice to parties who have sought equitable relief. Story, Eq. Pl. 96.

We will now proceed to consider the question whether the stockholders who are billholders can properly be regarded as parties plaintiff, under the decree, by simply proving their claims before the master. It is a well-settled general rule in equity that all persons who have a material interest in the subject of the litigation should be joined as parties, either as plaintiff or defendant, so that the court may fully adjust and determine the matters in controversy. This rule has been modified where the interested parties are too numerous for all to be personally before the court without great expense and inconvenience. In such cases a court of equity will proceed to act when sufficient parties, either plaintiff or defendant, are before it to fairly represent all the interests involved. In the case of a creditor's bill some of the creditors may prosecute a suit in behalf of themselves, and all others standing *in the same situation and having a common interest in all the objects of the bill*, who may afterwards elect to come in and claim as parties, and bear their proportion of the expenses of the litigation. The legal and equitable rights and liabilities, as to the subject-matter of the suit, must be common to all before a part can represent the whole. *Smith* v. *Swormstedt*, 16 How. 288. The interests of the plaintiffs must be identical, similar, and in no way inconsistent. They must occupy the same relation to the controversy, and be alike interested in the relief sought. If such is not the case, but the suit be one that will bring into controversy their mutual rights, they must all be personally before the court, and be made parties under the rules and orders of the court, so that their adverse interests may be ascertained and adjusted. Ad. Eq. 321. In a creditor's bill all creditors who are entitled to be represented by the plaintiffs are, for some purposes, deemed *quasi* parties, and have an inchoate interest in the suit, which prevents the operation of the statute of limitations from the time of the filing of the bill, but they have no control of the suit until a decree is obtained, and in the United States courts any decree made shall be without prejudice to the rights and claims of the absent parties. Equity Rule 48. After the decree, the creditors who are entitled to prove their claims, and actually prove them before the master, have a direct interest and equal control in further proceedings. If the fund for distribution is sufficient to pay all claims, one creditor has no interest to dispute the debt of another; but if the fund is insufficient to meet all demands, one creditor can contest the claims of others in the same manner as if it were an adversary suit. 1 Story, Eq. Jur. § 548. Such contests between

creditors are primarily conducted before the master, and his findings are deemed *prima facie* correct. "Only such matters of law and of fact as are brought before the court by exceptions are to be considered, and the burden of sustaining the exception is on the objecting party." *Medsker* v. *Bonebrake*, 108 U. S. 66; S. C. 2 Sup. Ct. Rep. 351.

In the case before us the report of the master shows who were stockholders, which of them claim as creditors, and what was their proportionate liability with their co-stockholders who are defendants. As no exception is made to these findings, and the parties have had their day before the master, we may take the report as correct, for the purpose of determining the equities of the claimants. In order to afford to all creditors, properly represented by the plaintiffs in a creditor's bill, an opportunity of asserting their rights and participating in the benefits of a decree, the master is directed to give due notice, and to ascertain and report the claims of all persons interested; and reasonable time is allowed for all such claims to be presented and passed upon in the due course of the court before a distribution is ordered. So anxious are courts of equity to do full justice to all parties interested, that they will often reserve a portion of the common fund to satisfy the claims of persons who appear from the proceedings to be entitled to share, but who, by absence from the limits of the jurisdiction of the court, or for other good cause, have not had a convenient opportunity of presenting their claims. Story, Eq. Pl. 101.

Having briefly stated the nature of a creditor's bill, we will proceed further to consider the position of the stockholder creditors before the court, and their right to share in the common fund. I am of opinion that the stockholders who have proved their claims before the master are not entitled to be regarded as parties under the decree. To become parties by simply proving their claims before the master, their rights must have existed at the commencement of this suit, and have been represented by the original plaintiff. They cannot be considered as thus represented, as at the time of the filing of the bill they were debtors, and their rights were inconsistent with and adverse to the rights of the plaintiff. In every bill in equity parties having conflicting interests in the subject of litigation cannot rightfully be joined as plaintiffs in a suit.

We will consider the claims of these stockholder creditors from another point of view. In a creditor's bill, every creditor who claims to be represented by the plaintiff must have such an equitable right as would have entitled him to have commenced such suit at such time. A creditor who acquires an interest after the filing of the bill cannot, by right of representation, go before the master and prove his claim; but the court, upon special leave asked, may allow such creditor an opportunity of presenting and supporting his claim, and will adjust the equities that may be against him. The stockholders of

the bank entered into a common undertaking, with a view to a common benefit, and thereby incurred common liabilities in proportion to their several interests, and one cannot properly obtain from another an advantage, as each must fulfill his obligations before a benefit can be had. If one seeks equitable relief against another, he must perform, or offer to perform, an equitable duty in relation to the subject-matter in controversy. In this suit, in which they insist that they are entitled to be considered as parties, relief was demanded, not against their co-plaintiffs, but against the defendants, their co-stockholders, with whom they were under common and proportionate obligations to pay the outstanding bills of the insolvent bank. In a court of equity they cannot insist that the statute of limitations shall bar the remedy of their creditors, and claim that it shall not operate against their demands. In adjusting equitable rights, courts of equity will never allow the statute of limitations to have a manifestly inequitable and unjust operation. As these stockholders were not represented by the plaintiff, I am of opinion that their rights as creditors did not have relation to the commencement of this suit, and the statute of limitations was not prevented from operating as to their claims presented to the master, and proved since the decree. As I am desirous of administering complete and equal justice to all bill-holders, I will not regard the statute of limitations as a bar, but will allow all stockholders to share, in the distribution of the fund, where the amount of their proportionate liability has been paid, and where they hold bills they may claim as other creditors, after deducting the assessments made against them in the master's report.

The foregoing opinion as to the rights and liabilities of the stockholders who are creditors, disposes of the motion before us.

I have considered with care the able and elaborate brief of Thomas W. Strange in support of his motion, and now decide that he cannot share in the fund in the hands of the court as administrator of Col. Robert Strange, as the proportionate liability of the intestate's estate has not been contributed to such fund.

The claim in behalf of the estate of Thomas H. Wright, deceased, who was a stockholder, is allowed. The bills were not in the possession of the intestate at the time of his death, but were subsequently received, in discharge of a *bona fide* debt, by the administrator from the executor of W. A. Wright, deceased, who was a stockholder and defendant, and paid the amount of proportionate liability as ascertained by the master.

Let an order be drawn as above indicated.