JOS. DOBSON et als v. ROXANNA SIMONTON, Extr'x, et als.

### Statute of Limitation—Creditor's Bill.

1. Where an action is brought by one creditor, in behalf of himself and all other creditors, every creditor has an inchoate interest in the suit, and is in an essential sense, a party to the action. If a creditor institutes an independent action to recover his demand, he may be enjoined, and forced to seek his remedy in the creditor's bill, and if he declines to do so, he is bound by the decree in such action.

2. An action brought by one creditor in behalf of himself and all other creditors, stops the statute of limitation from running against any creditor who comes in and proves his debt under the decree, from the date of the beginning of the action

3. So, where a creditor's bill was filed in 1877, and in 1880 a simple contract creditor offered to prove a debt contracted in 1876, to which the statute of limitation was pleaded; *It was held,* that the statute only ran to the day when the action was brought, and the debt was not barred.

(*Long* v. *The Bank,* 85 N. C., 354, cited and approved; *Wordsworth* v. *Davis,* 75 N. C., 159, overruled).

CIVIL ACTION, in the nature of a creditor's bill, heard before *MacRae, Judge,* at Spring Term, 1885, of IREDELL Superior Court.

It appears from the pleadings and the case settled on appeal for this Court, that Robert F. Simonton died in the county of Iredell in the month of February, 1876, leaving a last will and testament which was duly established; that his widow, the defendant Roxanna Simonton, is the sole legatee and devisee under the will and the executrix thereof duly qualified. The estate of the testator is insolvent.

The testator in his lifetime was the sole owner of what purported to be "The Bank of Statesville," a corporation, which, however, it seems, was never duly organized, but under the name and form of such supposed corporation, the testator did very considerable business, and incurred debts for large amounts.

On the first of March, 1876, the defendant Roxanna Simonton, supposing "The Bank of Statesville" to be indeed such

Bank, deposited therein $9,790, and this sum of money was placed to her credit.

This action was brought in the Superior Court of Iredell county by sundry creditors of the testator, "who sue for themselves and all other creditors of the Bank of Statesville, and R. F. Simonton, who will come in and make themselves parties, and contribute to the expense of this suit, against Roxanna Simonton, executrix of R. F. Simonton, deceased," and others.

In pursuance of orders made in the course of the action, creditors respectively proved their debts against the estate of the testator, and among them the appellant Benjamin F. Long, administrator. The defendant Roxanna Simonton offered to prove her debt, created by the deposit made by her in the supposed bank. The appellant Long, administrator, objected, and pleaded that this debt was barred by the statute of limitation.

It appeared that the debt was created by the deposit mentioned, on the first day of March, 1876. This action was begun on the 21st day of August, 1877. The appellee offered to make proof of her debt on the 5th of December, 1879, but it was not allowed by the auditor taking proof of the debts, until the 13th day of January, 1885. The appellant excepted to such allowance. At the hearing, the Court decided that the debt was not barred by the statute of limitation, overruled the exception, gave judgment for the appellee, and thereupon the defendant Long appealed.

*Messrs. D. M. Furches* and *W. M. Robbins,* for the appellant.
*Mr. M. L. McCorkle,* for the defendant.

MERRIMON, J. (after stating the facts). No question is presented as to the validity of the debt which the appellee seeks to have paid out of the assets of the testator, and the only question presented for our decision is, was this debt barred by the statute of limitation, that bars such debts after the lapse of three years next after the cause of action upon them accrued?

We think that this question must be answered in the negative. It is to be observed, that this is an action brought by several creditors in behalf of themselves and all other creditors, entitled to share alike in the assets of the estate of the testator, which it is admitted, is insolvent. It does not appear very clearly, whether the action is intended to be a "creditors' action," as authorized by general principles of equity, or one under and authorized by the statute; (Bat. Rev., ch. 45, §73; The Code, §1448); but it is not material to inquire how this is, as in either case, our opinion would be the same.

Such action is equitable in its nature. Its purpose is to ascertain what the assets of the testator are, and distribute the same among all the creditors entitled to share therein according to their respective rights. In order to effectuate such end, courts, in the exercise of equitable powers, and, in this State, in the exercise of the powers conferred by the statute cited above, allow a few creditors in a proper case, to bring an action in behalf of themselves and all other creditors having like demands against the executor or administrator, as the case may be, charged with the fund to be settled and distributed among them. This is not a mere empty ceremony. The action is not simply nominally and in form for the benefit of all the creditors not designated by their respective names in the summons or complaint. It implies more than that. The law does not trifle with parties, nor does it require the observance of meaningless forms; its methods of procedure carry with them effectiveness—they are always intended to serve an effective purpose. Hence, in an action of this character, all, or any of the creditors, not designated by name at the time of bringing it, will, if they choose to do so, be at liberty to come in in apt time, and share the benefits arising from it. The decrees therein are intended for the benefit of all, but if there be those who decline to come in, as they may do, they will be excluded from the benefits of the decrees made, and yet, being in an essential sense parties to the action, they will be bound by them. Indeed, as soon as a decree for an account shall be passed,

the Court may enjoin such creditors as do not choose to come in, against proceeding in separate actions. Having obtained jurisdiction of the fund, the Court will administer it; and besides, an important end of such actions is to put the creditors upon a just equality in respect to the fund; to prevent preferences and undue advantage, and, as well, to avoid the burden that separate actions would bring upon the fund. To this end, it will enforce its jurisdiction over the creditors as well as the fund; and while any contest in respect to the debt of the creditor that shall be questioned, will be distinct from other like contests, such contests will all be in, and incidental to the action, and under the supervision and direction of the Court, unless, in particular cases, it shall direct a separate action to be brought. Mitford's Ch. Pr., 192, 193; Adams' Eq., 288, 320; Story's Eq. Jur., §890.

While the creditor having the right to share in the fund, but not designated in the action by his name, is not in the beginning of it completely a party to it, he is a party in an important sense. The action is brought for him, and with a view to render it unnecessary, indeed improper, that he should sue in a separate action; it is for the assertion and enforcement of his right, if he chooses to take benefit from it. It may be said, that he does not bring it; and so he does not by himself,—but in such case, the law allows another to bring it for him. It may be said that he might bring a separate action for himself; but if he should, he would do so at the peril of being interrupted in its prosecution by an injunction, and compelled to seek relief in the creditors' action. From the beginning of the action, such creditor has an inchoate interest in it; by it he demands the payment of his debt and begins to seek legal redress in that respect, and he thus stops the running of the statute of limitation against it, and all controversy as to his debt, however it may arise in the course of the action, so far as the same may be affected by the beginning of legal proceedings on his part, must have relation to the beginning of the action. It would be a strange anomaly in the law, if it should thus allow an action to be brought for a party,

and he should be thus encouraged to rely upon it, and not seek legal redress otherwise than by it, and yet when he came, in the course of the action, to prove his debt, and share in the fund, to treat him as having, by such reliance, lost it by the lapse of time, happening after the bringing of the action! The law will not mislead—it is just and faithful, and will not tolerate, much less uphold, a rule of practice that works such injustice and absurdity.

The rule that the bringing of the action prevents the running of the statute of limitation as to the debt of each creditor, whether designated in the original process or the complaint, by name or not, is, it seems to us, just and reasonable. This is the English rule, and is sanctioned by judicial precedent and text writers recognized as high authorities by all Courts. In *Sterndale* v. *Hankinson,* 1 Simon, 393, (Cond. Eng. Ch. R., 197), the Vice Chancellor said : "I entertain no doubt that every creditor has, after the filing of the bill, an inchoate interest in the suit to the extent of its being considered as a demand, and to prevent his being shut out, because the plaintiff has not obtained a decree within the six years."

In Daniel's Ch. Pr., 1409, it is said : "With reference to the effect of the statute of limitations in barring a claim brought by a creditor under a decree, it may be mentioned that in *Sterndale* v. *Hankinson,* it was determined that where a bill is filed by a creditor on behalf of himself and all others, every creditor has an inchoate interest in the suit from the moment the bill is filed, and from that moment time does not run against him ; so that a simple contract creditor, coming in under a decree made in such a suit, was admitted to prove, although there had been a lapse of more than six years between the filing of the bill and the decree."

In 2nd Smith Ch. Pr., 315, it is said : " A bill filed by one creditor in behalf of himself and others, will prevent the statute of limitation from running against any of the creditors who come in under the decree."

And also it is said in Adams' Doct. of Eq., 258, that "The bill is treated as a demand in behalf of all the creditors who may come in and prove their debts under it, so as to prevent the statute of limitation from running against them; but in other respects, it continues, until decree, to be the actual suit of the plaintiff alone." There are other authorities to the same effect.

The counsel for the appellants, on the argument, cited and relied upon *Wordsworth* v. *Davis*, 75 N. C., 159. That was a creditor's action, and this Court held that the debt was barred by the statute of limitation, the time lapsing after the action was brought having been more than three years, but the Court in its opinion, did not advert to the nature of the action as having any bearing upon the application of the statute of limitation. No reason was assigned in that respect, nor any authority cited. It simply said in substance, that the debt was barred by the statute. The application to prove the debt was not made until about six years after the action was brought, and after an account had been taken and creditors had had opportunity, and that opportunity had been once extended, to prove their debts, and two dividends had been paid to those proving. The Court afterwards, in commenting upon that case in *Long* v. *The Bank*, 85 N. C., 354, laid stress upon these facts as in some measure justifying the decision; but the point in this case was not directly before the Court, and there was no decision of it. But in any view of the case relied upon, we think it was inadvertently or incautiously decided, and for the reasons we have stated, and because of the authorities cited above, it ought not to be upheld and adhered to.

The judgment must be affirmed. To that end, let this opinion be certified to the Superior Court according to law.

No error.                              Affirmed.