The facts are sufficiently stated in the opinion of the Court by MR. CHIEF JUSTICE CLARK.
This was a creditors' bill brought by the plaintiffs, Fulp Linville, on behalf of themselves and all other creditors of the Kernersville Light and Power Company, which had built a power plant, intending to furnish that town with electric power. It bought from the Greensboro Supply Company certain property, among which was a dynamo, boiler, and (159) engine, and the necessary pipes to connect said boiler and engine with the plant. The contract under which this property was bought was dated 21 June, 1909, and title was retained by the Greensboro Supply Company till full payment. This contract was not recorded, however, till 7 September, 1909. On 10 August, 1909, the Greensboro Supply Company sold the defendant a deep-well pump and other fixtures, retaining title thereto, but this contract was not recorded till 27 October, 1909.
From 3 July to 10 September, 1908, the Kernersville Furniture Manufacturing Company and Fulp Fulp furnished material which was used in the construction of the building to an amount less than $200 to each, and attempted to docket that lien in the clerk's office, but the appellants claim that they failed to do so because the claims upon which the lien was based were not itemized and set out in detail upon the lien docket of the clerk. From 5 July to 4 September, 1909, Fulp Linville also furnished materials which were used in constructing the building of defendant company, and the Crawford Plumbing Company furnished labor which was performed upon the said building, each in an amount *Page 128 
of less than $200, and docketed their liens in the clerk's office within the time required by the statute.
On 9 September, 1909, W. H. Clinard obtained judgments before a justice against the defendant aggregating $677.82, which he docketed on the same day in the office of the clerk of the Superior Court. These judgments were on 24 January, 1910, transferred to the plaintiff, Mary Lou Sapp. The appeal of the Greensboro Supply Company presents three grounds of exception:
1. "That the mechanic lienors, Fulp Linville, Kernersville Furniture Manufacturing Company, Fulp Fulp, and the Crawford Plumbing Company, cannot enforce their liens in this action in the Superior Court because each of the amounts is less than $200."
But the Superior Court having taken charge of the entire property under its general jurisdiction by means of a creditors' bill, has jurisdiction to collect and dispose of all the assets and to determine the (160) liens and priorities and to make application accordingly of the funds, irrespective of the amount of any claim. Albright v.Albright, 88 N.C. 238; Long v. Bank, 85 N.C. 356. If any creditor in such case should institute an independent action he would be enjoined and forced to seek his remedy in the creditors' bill. Dobson v. Simonton,93 N.C. 270. The very purpose of the creditors' bill is to "discharge a multiplicity of suits and prevent a costly scramble among creditors." Wadsworth v. Davis, 63 N.C. 253.
2. "That the mechanic lienors, the Kernersville Furniture Manufacturing Company and Fulp Fulp, even if the Superior Court had jurisdiction in this action, failed to file a valid lien, because the notice of the lien filed does not specify in detail the materials furnished and the time thereof."
The purpose of the statute is to give public notice of the plaintiff's claim, the amount of it, the material supplied, or the labor done, and when done, on what property, specified with such detail as will give reasonable notice to all persons of the character of the claim and the property on which the lien attached. Cook v. Cobb, 101 N.C. 70.
The notice of lien here filed by the parties is not recorded as fully as it might be, but we think is in substantial compliance with Revisal, 2026;Cameron v. Lumber Co., 118 N.C. 266. The clerk recorded the notice, giving each bill, with its date and amount, which together made the amount of the lienors' claims, without specifying the articles and the price of each.
Revisal, 915 (21), requires that the clerk shall keep "a lien docket, which shall contain a record of all notices of lien filed in his office, properly indexed, showing the names of the lienor and lienee." The *Page 129 
part of the notice which the clerk did enter on his docket in each of these instances shows the names of the lienor and lienee, the amount claimed by each, an accurate description of the property by metes and bounds, the dates between which the material was furnished, and refers to "the schedule of prices and material" attached to the notice, and asks that it "be taken as a part of this notice of lien." The appellants admit that this schedule contained a full itemized statement in detail of the material furnished and that it went into the construction (161) of the building.
3. The last objection of the Supply Company is that the appellant having retained title to the boiler, engine, pump, dynamo, etc., by a written instrument duly recorded, is entitled to possession of said articles freed from the liens of any one.
But for the reservation of title the above articles were clearly fixtures, and consequently realty. Horne v. Smith, 105 N.C. 322. By virtue of the agreement of the parties and the retention of the title, they remained personalty as between the parties. But as to these lienors, the retention of title was not operative, because the contract was not recorded till the work and labor were done and the material furnished out of which these liens arose. Clark v. Hill, 117 N.C. 11. There being no retention of title recorded, the parties furnishing material and labor had a right to rely upon the apparent character of such property as realty. The liens of the appellees are valid for the furnishing of any material prior to the date when the conditional sale of the articles furnished by the Greensboro Supply Company was recorded.
The judgment of Clinard was a lien on the realty from the date of its docketing, 9 September, 1909. It is therefore not a lien upon the boiler, engine, etc., as to which the contract retaining title was docketed 7 September, 1909.
As thus modified, the judgment in the appeal by the Greensboro Supply Company is affirmed.
Modified and affirmed.
(162)