As to the petition of Cook, Nathan Lehman. This claim is based on legal services rendered and expenses incurred in aid of the receivership. The firm represented a Stockholders' Protective Committee. The services were rendered in the New York receivership. I shall not discuss the sort of facts which must exist as the basis for an allowance to counsel for a stockholders' protective committee for services rendered in a receivership cause and payable out of the general funds of the estate. Judge Caffey of the United States District Court, Southern District of New York, when the New York receivership causes were pending, distinctly stated in the course of proceedings before him for allowance of this claim among others, that the claimants were entitled to compensation. The only reason why he declined to make an allowance appears to be that he entertained serious doubt upon his power. He was of the opinion that the proper jurisdiction in which the allowance, if any, should be made, would be this jurisdiction, to which the New York receivership had been made ancillary and to which the balance of assets remaining in the New York receivership has, since he heard the matter, been transmitted. In his order entered upon the application, he declined to pass upon the application for allowances.
Notwithstanding this fact, I cannot disregard his observation, made during the course of the proceedings, as follows:
"I say now that I think you are entitled to compensation. If I had the power to grant it to you I will do that. You have done good work."
This remark was made by Judge Caffey with the information in his possession of all the facts and circumstances of the petitioner's services, their nature and their value as an aid to the receivership administration. If he, with his intimate, first hand knowledge, was of the opinion that the receivership estate was justly and fairly chargeable with the obligation of compensating in part at least the counsel for the stockholders' committee, it would hardly become the Chancellor, who was of course out of familiar touch with the difficult situation that prevailed in that receivership in the New York District, to disagree with him.
Accordingly, I accept without question Judge Caffey's observation that the petitioners have a just claim.
The only question that I have to deal with is the amount of the compensation. On this, I do not have the benefit of Judge Caffey's views. It would be too tedious an undertaking for me to review the circumstances of fact which disclose the nature, extent and importance of the services rendered are *Page 141 
shown by the petitioners. These circumstances, the character and magnitude of the problems involved, and the importance of the services rendered are shown by the evidence which is in no wise contradicted. The value of that portion of the services which directly contributed to the administration of the estate and, in a very substantial sense, proved a valuable contribution to the labor of its settlement and liquidation, that is to say, that portion which benefitted the receivership primarily and was availed of by it and is therefore chargeable against the receivership funds, does not seem to me to be overstated by the petitioner's claim. In view of the evidence before me, I think the amount requested as compensation and to cover actual expenses incurred, should be allowed and paid.
[1] 2. As to allowances asked for by the solicitors appearing collectively for the preferred stockholders, the common stockholders and the partly-paid preferred and common stockholders. These solicitors appeared in this court and on appeal in the Supreme Court, and, as aids to the courts, argued important questions that arose in the course of the administration of the estate. The questions involved are disclosed by the decisions reported in (Del.Ch.) 151 A. 228, and (Del.Sup.) 155 A. 514, 75 A. L. R. 1136. I think a collective allowance of $7,500 would be proper.
[2] 3. As to the allowance asked for by the firm of Gilman Unger and Samuel Zirn, the same should be denied. The firm represented individual stockholders and Mr. Zirn represented himself as a stockholder. As the stockholders were represented collectively, it would not be proper to grant allowances to solicitors representing individuals among them. Hand v. Savannah Charleston R. Co., 21 S. C. 162; Dobson v. Simonton, 93 N.C. 268; Pennsylvania Steel Co. v. N. Y. City Ry. Co. (D. C.) 221 F. 440, 441. Their activities are referable to their individual employment. They cannot be regarded as representing the class in which their clients are included, when the class as a whole is already represented. In Robinson v. Mutual Reserve Life Insurance Co. (C.C.A.) 189 F. 347 (reversing [C. C.] 182 F. 850), it is to be noted that while the court held that it is proper to allow compensation for legal services rendered to a member of a class interested in a complicated controversy involving many different interests in a fund, yet its ruling was so made with respect to a class not otherwise represented. Such is not the case here. The distinction is a very material one.
[3] 4. I do not think the committee representing preferred and common stockholders should either secure compensation or be reimbursed expenses beyond the extent already indicated in disposing of the petition of their counsel. The committee was a voluntary one organized for the purpose of looking after the interests of the individuals who constituted it their agent. Its services for the most part were referable to the individual interests of its depositors. I do not see wherein it benefitted the receivership except to the extent of its counsel's activities, and that exceptional particular is taken care of under the first head of this memorandum.
[4] 5. The request of Walter E. Godfrey to be allowed a compensation as solicitor for certain stockholders should be refused. Mr. Godfrey appeared strictly as the representative of stockholders who were making individual demands against the estate.
Order accordingly.
 *Page 183