JAMES A. OATES v. E. J. LILLY.

*Executors and Administrators—Statute of Limitations.*

Any defence open to a personal representative (here the statute of limitations) may be set up by one creditor of the decedent's estate against the claims of another. And where such claim is barred by lapse of time, the promise of the personal representative to pay it will not repel the statute, though when in writing founded on sufficient consideration and the possession of assets, it will bind the promisor personally.

(*Graham* v. *Tate*, 77 N. C., 120; *Wordsworth* v. *Davis*, 75 N. C., 159; *Williams* v. *Maitland*, 1 Ired. Eq.. 92; *Billews* v. *Boggan*, 1 Hay., 13; *Sleighter* v. *Harrington*, N. C. Term Rep., 249, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of MOORE Superior Court, before *Eure, J.*

Judgment for plaintiff, appeal by defendant.

*Messrs. Hinsdale & Devereux,* for plaintiff.
*Messrs. Gray & Stamps,* for defendant.

SMITH, C. J. The controversy in this case is between the plaintiff who instituted the action on behalf of himself and the other creditors of the intestate, John McF. Baker, and E. J. Lilly whose claims he contests and alleges to be barred by the statute of limitations. Those claims as described in the complaint of said Lilly arise upon the transfer and endorsement to him of several notes and bonds executed by different debtors to the firm of McNeill & Baker, of which the intestate was a member, made many years before the intestate's death in 1870, and on account for goods sold and delivered to the intestate in November, 1869. The material facts in the case are contained in the special verdict of the jury who find the several notes and bonds set out in the complaint to be valid debts and the intestate to have become liable therefor by virtue of the endorsement of said firm, and

against the demand for goods sold and delivered for want of any evidence thereof; that the intestate died in August, 1870, and letters of administration on his estate issued in September following to George S. Cole; that within one month thereafter the bonds and notes were presented to the administrator as evidence of the intestate's indebtedness by said Lilly as endorsee, and the administrator did not then and does not now dispute their validity, but said he admitted them as debts due and owing by the intestate; that the notes without further demand were filed with the probate judge on October 25th, 1876; that less than three years, during which the statute was in operation, after the respective causes of action had accrued upon the endorsements when the claims were exhibited to the administrator, and more than that time had passed before they were filed in the probate court; and that the intestate's estate was insufficient to pay his debts and the costs and charges of administering it. Upon these facts the judge held that the statute was a bar and precluded the said Lilly from sharing with the other creditors in the distribution of the assets of the insolvent estate.

It is settled that this defence as well as other legal defences may be set up by one interested creditor against the claims of another, as the representative might himself do, since their rejection will enlarge the *pro rata* shares of such debts as are allowed. The complaint of each creditor is a distinct and direct proceeding against the intestate's estate. *Graham* v. *Tate,* 77 N. C., 120: *Wordsworth* v. *Davis,* 75 N. C., 159. This right of the creditor to oppose the claim preferred by another, grows out of his relations to the cause as a plaintiff with adversary interests in this respect against his associate plaintiffs, since in a separate action against the personal representative, he is not bound to interpose the statute to defeat a just claim, and the creditor's resistance when admissible is effectual only when it would have been if made by the

representative himself. *Williams* v. *Maitland,* 1 Ired. Eq. 92. It is in our opinion correctly maintained in the argument for the contesting plaintiff upon the weight of authority (although the contrary was held by a divided court in *Billews* v. *Boggan,* 1 Hay., 13) that the promise of the personal representative to pay the debt of the deceased, barred by the lapse of time, will not repel the statute and revive the original cause of action, although when in writing and founded on a sufficient consideration and the possession of assets, it will bind the promisor personally. *Sleighter* v. *Harrington,* Term Rep., 249.

Upon the hearing we were some what, inclined to bring the case within the proviso (Rev. Code, ch. 65, § 14,) which declares " that if any creditor after demanding his debt or claim shall delay to bring suit at the special request of the executor or administrator, the time of such indulgence shall not be reckoned in the time for bringing the action.' But we are not able to construe the finding of the jury that the debts were recognized and admitted to be just as equivalent to the " special request " for delay required in the proviso in order to such effect, and hence the running of the statute was not thereby suspended. Whether then the time be computed from January 1st, 1870, when the suspension of the statute of limitations in certain cases terminated, or from an alleged new promise of the administrator, the result is equally fatal to the claim.

There is no error. Let this be certified for further proceedings in the court below.

No error. Affirmed.