GUILFORD FLEMMING v. J. M. FLEMMING, Adm'r.

*Statute of Limitations—New Promise by Administrator.*

Plaintiff commenced action in 1879 for services rendered in 1875 to defendant's intestate, and, to repel the plea of the statute of limitations, testified that in November, 1875, he told the administrator that the deceased owed him $56 ; that the administrator never said whether he would pay it or not ; that this was repeated several times, but that the administrator persisted in saying nothing : *Held*,

(1) That plaintiff's claim was barred by the statute of limitations ;

(2) That what occurred between the parties was not such a recognition of a subsisting claim as would repel the bar of the statute, and even if it were, would be ineffectual unless in writing, under section 51 of the Code.

(3) That plaintiff's claim derived no aid from the act of 1881, ch. 80, allowing to admissions of administrators and executors the effect of an action commenced in preventing the operation of the statute of limitations.

( *Fall* v. *Sherrill*, 2 Dev. & Bat., 371 ; *Oates* v. *Lilly*, 84 N. C., 643 ; *May* v. *Darden*, 83 N. C., 237 ; *Hawkins* v. *Long*, 74 N. C., 781, cited, distinguished and approved.)

CIVIL ACTION tried on appeal at Fall Term, 1880, of WAKE Superior Court, before *Graves, J.*

This action commenced before a justice of the peace on April 25, 1879, and carried by appeal to the superior court, is founded on contract to recover the value of work and labor alleged to have been rendered to Lemuel Mitchell, deceased, the intestate of defendant, in the year 1875, previous to his death. The defence was a denial of the indebtedness and the plea of the statute of limitations. The evidence relied on to remove the bar of the statute was that of the plaintiff, who testified as follows: "Shortly after the appointment of the defendant as administrator of Lemuel Mitchell (shown to have been on November 24, 1875), I told the defendant that Mr. Mitchell owed me $56; he never

said that he would pay it or that he would not pay it. I went to him a time or two, two or three times afterwards. He would not say much about it, but never promised to pay or said that he would not. He said nothing. Mitchell and myself had a settlement the first part of the year that he died, and I owed him eight dollars which I have never paid." The defendant insisted, and asked the court to instruct the jury, that there was no evidence of the defendant's admission of the claim. This was refused and the jury were directed if they should find that "the work was done in 1875, suit brought in April, 1879, the plaintiff would be barred of his action, unless the plaintiff presented his claim in a few weeks after defendant was appointed administrator, and thereafter and it was then admitted, the plaintiff would not be barred, but if it was denied, he would be barred." The jury returned a verdict in favor of the plaintiff, and from the judgment thereon the defendant appealed.

*Mr. A. M. Lewis*, for the plaintiff.
*Messrs. G. V. Strong* and *W. H. Pace*, for defendant.

SMITH, C. J. There are exceptions to portions of the testimony of the plaintiff, as incompetent under the proviso of section 343 of the Code, which we deem it unnecessary to consider, and confine ourselves to an examination of the rulings of the court in reference to the instructions given the jury.

It is quite plain under numerous adjudications, that what transpired between the parties is not such a recognition of a subsisting claim as repels the statute; and if it were, would be ineffectual unless in writing, under section 51 of the Code. It is equally well settled that the death of the debtor, after the cause of action has accrued, will not suspend the running of the statute to the completion of the prescribed time. It seems also that a distinct acknowledg-

ment and promise made by an executor or administrator and based upon a sufficient consideration, imposes a personal liability upon the representative, but does not take away the protection afforded by the lapse of time to the estate represented. *Fall* v. *Sherrill*, 2 Dev. & Bat., 371 ; *Oates* v. *Lilly*, 84 N. C., 643. The action then cannot be maintained unless the running of the statute is arrested by the presentation of the claim to the personal representative and his admission of the indebtedness of the deceased, under the recent legislation " concerning the settlement of the estates of deceased persons," (Bat. Rev., ch. 45,) upon which we understand the ruling of His Honor to have been founded. An examination of certain sections of the enactment in connection with its general scope and manifest purpose, even in the absence of express declarations of this import, leads us to concur in this interpretation of its meaning and force, and we refer to some of the provisions which sustain the conclusion :

Where a copy of the notice directed to be given by publication (sec. 45, 47) is personally served upon the creditor of a deceased debtor, he is required within six months thereafter to exhibit his claim to the personal representative, or be forever barred from maintaining any action thereon against such representative. Sec. 48.

Upon its presentation, the affidavit of the creditor or " other satisfactory evidence" of its validity and amount may be demanded. Sec. 49.

If it be doubted, the parties are authorized to agree to a reference, which agreement and the award thereon shall be filed in the probate court, subject to impeachment for fraud, error or irregularity. Sec. 50.

If it be rejected by the executor, administrator or collector and not adjusted by reference, the claimant must sue in six months after notice of rejection. Sec. 51.

If action is brought when there has been no unreasonable

delay in payment, the plaintiff is not allowed his costs. Sec. 54; *May* v. *Darden*, 83 N. C., 237.

Again, where a creditor's suit is brought (sec. 73) the personal representative must on oath render to the clerk a list of "all claims against the deceased of which he has received notice or has any knowledge, with the names and residences of the claimants," and any who have failed to file evidence of their claims must be notified by the clerk to produce it. Sec. 80.

The clerk is directed to exhibit to the representative on the day fixed for his appearance "a list of the claims filed in the office with the evidence thereof." Section 81.

Within five days afterwards the defendant shall in writing specify the claims he disputes, and the creditor upon being notified of the objection must thereupon file a complaint based upon his claim, and proceed as in an action begun by summons. Section 82.

Other creditors may exercise the right to contest the demand. *Oates* v. *Lilly*, *supra*.

A judgment, subject to certain exceptions, simply ascertains the debt. Section 95.

But whatever doubts may have been entertained as to the meaning and force of these provisions, they are removed by the recent act, amending chapter 17, section 43, of Battle's Revisal, by adding these words: "But if the claim upon which such cause of action is based be filed with the executor or administrator within the time above specified and the same shall be admitted by him, it shall not be necessary to bring an action upon such claim to prevent the bar; provided, that no action shall be brought against the administrator or executor upon such claim after the final settlement of said executor or administrator; and this shall apply to claims already filed. Act 1881, ch. 80.

It is plain the facts of the present case are not within the purview of the law as previously existing or as modified by

this statute. The plaintiff never presented his claim or any proof of it, but is content, upon a simple announcement of its amount followed by no response from the defendant, to rest for a period sufficient to bar the recovery under the general statute of limitations, even if his cause of action had then first accrued.

The case is unlike that of *Hawkins* v. *Long*, 74 N. C., 781, in which a silent acceptance of a rendered account against a person is held to be evidence of its correctness, since here, the work was not done for the plaintiff, and he may have had no personal knowledge or reliable information about the claim to call from him an admission or denial, and hence no inference of assent can be drawn from his failure to respond to charge the estate.

If the claim had been presented in the form of a bill of particulars, the plaintiff had the right to demand an explicit answer, and if refused, to enforce his claim by action, and perhaps under the recent enactment deem its acceptance without remark as arresting the running of the statute.

There was no evidence of the defendant's assent to the asserted claim, and the jury should have been so instructed. There is error in refusing so to charge and there must be a new trial. Let this be certified.

Error.                              *Venire de novo.*