D. C. WHITEHURST v. A. O. DEY, Executor.

*Executors and Administrators—Admission of and promise to pay claim—Statute of Limitations—Legislative power.*

1. A simple admission by an executor of the correctness of a claim against the testator's estate, and a verbal promise to pay the same out of the assets, will not arrest the running of the statute of limitations, where there is no proof that the creditor refrained from sueing at the request of thé executor, or that there was any agreement for indulgence.

2. The act of assemby in reference to filing claims against a decedent's estate and their admission by the personal representative, and making it unnecessary to sue upon them to prevent the bar, applies only to those that were filed at the time of the passage of the act and were not then barred. THE CODE, §164.

3. The legislature may regulate the time in which suit may be brought against a debtor *before* the claim is barred, but it cannot expose him to suit by an act passed after the bar becomes a full defence.

(*Flemming* v. *Flemming*, 85 N. C., 127 ; *Oates* v. *Lilly*, 84 N. C., 643, approved. *Daniel* v. *Com'rs*, 74 N. C., 494 ; *Haymore* v. *Com'rs*, 85 N. C., 268, distinguished. *Pearsall* v. *Kenan*, 79 N. C., 472 ; *Hinton* v. *Hinton*, Phil., 410, commented on).

CIVIL ACTION tried at Spring Term, 1883, of CURRITUCK Superior Court, before *Shepherd, J.*

The action was brought to recover an amount alleged to be due upon an open account. The court held that the statute of limitations did not bar the claim, and gave judgment against the defendant, from which he appealed.

*Messrs. Pruden & Bunch*, for plaintiff.
*Messrs. E. C. Smith* and *Griffin & Temple*, for defendants.

SMITH, C. J. James M. Ferebee, the testator of the defendant, died in November, 1874, having become indebted to the plaintiff in the sum of $183.61, upon an account contracted and which fell due in April of the year preceding. Upon the issuing of letters testamentary on the decedent's estate soon there-

after, the plaintiff made out and presented his claim, supported by oath, to the defendant, who accepted the same without objection and filed it among the papers of the estate, promising then, and often afterwards repeating the promise, to make payment out of the assets in his hands.

Failing to do so, the present suit was instituted on January 22d, 1883, before a justice of the peace, and on the trial the defendant set up the bar of the statute of limitations as a defence to the recovery.

The plea being overruled upon the facts stated, judgment was rendered against the defendant for the sum claimed, and upon his appeal, the like judgment was recovered in the superior court.

The only point presented in the record for our consideration is the sufficiency of the evidence of what transpired between the parties, and of the successive promises of the defendant to remove the statutory bar and warrant a recovery. The court ruled that the running of the statute was suspended and the plaintiff entitled to judgment, and in this ruling we think there is error.

There is no provision in the limitations introduced by the Code of Civil Procedure in substitution of those previously prescribed, which, as before, when a creditor refrained from suing at the special request of the executor or administrator, arrested the running of the statute during the term of such indulgence. Rev. Code, ch. 65, §14. And if there were such, we are not prepared to say the facts in the present case would be within its operation. *Flemming* v. *Flemming*, 85 N. C., 127; *Oates* v. *Lilly*, 84 N. C., 643.

While conceding the insufficiency of an unwritten recognition, and assumption of the debt by the defendant to revive it and repel the bar, it is contended that his conduct was calculated and intended to prevent the plaintiff from bringing suit, and it would now be inequitable to permit him to avail himself of such a defence. In support of this proposition are cited *Daniel* v. *Commissioners*, 74 N. C., 494; *Haymore* v. *Commissioners*, 85

N. C., 268. These cases are essentially alike in the feature for which they are cited; and in both the intended action was deferred under an arrangement that the plaintiff's claims should await and abide by the results of suits, in the ·former to be brought, and in the latter then depending, for similar causes of action. The delay was consequent upon this agreement; and it would have been the practice of a successful fraud to allow the defendants to take advantage of a delay caused by themselves, and accordingly, in the exercise of equitable power, the court refused the defence.

No such fraudulent element is found in the facts of this transaction. The failure to sue was not in consequence of any request from the defendant, nor under any agreement making payment contingent or any undetermined future event, as an underlying condition requiring delay. There was a simple admission of the correctness of the claim without further proof, and a positive personal undertaking to pay it out of the testator's effects, and the case comes under the purpose and terms of those enactments which require a writing in order to the legal efficacy of the promise. THE CODE, §§172 and 1552.

It is next contended that the amendatory act of 1881 has a retrospective operation and requires in the count of time the elimination of so much as elapsed after the filing of the claim in 1874. This enactment annexes to section 43 of C. C. P. a clause as follows:

But if the claim upon which such cause of action is based be filed with the executor or administrator within the time above specified, and the same shall be admitted by him, it shall not be necessary to bring an action upon such claim to prevent the bar, provided that no action shall be brought against the administrator or executor upon such claim after the final settlement of said executor or administrator, and *this shall apply to claims already filed.* THE CODE, §164.

A reasonable and fair interpretation of this latter clause will confine it to such claims as had already been filed and had not

then become barred; and this, as it meets the requirements of the act, without disturbing rights that time has settled and fixed, must be assumed to have been the intention of the general assembly in its passage. Where, of two reasonable constructions of a statute, the one of which the legislature is clearly competent to enact, while the other infringes upon the constitution, the former will be accepted as its meaning; because it will not be supposed that an unauthorized power was intended to be exercised. This rule of construction prevails in the enforcement of laws of doubtful import and is acted upon by the courts. *French* v. *Tischemaker*, 24 Cal., 518; *Duncombe* v. *Pringle*, 12 Iowa, 1.

If, however, we are compelled by the general words used to extend the enactment so as to embrace claims which had become remediless by action at the time of its passage, and impart new life and activity to the obligation, we should be disposed to hold its operation in these cases to be an impairment of vested rights and as falling within the inhibition of the federal constitution, notwithstanding the doubt expressed by Mr. Justice READE in *Pearsall* v. *Kenan*, 79 N. C., 472, based upon the ruling in *Hinton* v. *Hinton*, Phil., 410.

The adjudications in the states are numerous to the point that while the legislature may extend the time or shorten it, leaving a reasonable interval, in which the plaintiff may and must pursue his remedy against his delinquent debtor *before* the statutory bar becomes complete and effective for the protection of the debtor, it cannot expose him to an action and the recovery of a demand by an act of legislation passed after the statutory bar has become a full defence. As the obligations of a contract cannot be impaired to the prejudice of the creditor, so the liabilities of the defendant under it cannot be increased by a subsequent act of state legislation.

The principle is thus laid down by a recent author and fortified by references to many adjudications. "Statutes of limitation relate only to the remedy and may be altered or repealed
35

before the statutory bar has become complete, but not after, so as to defeat the effect of the statute in extinguishing the rights of action." Wood Lim., ch. 1, §11; *McKinney* v. *Springer*, 8 Black (Ind.), 106; *Davis* v. *Minor*, 1 How. (Miss.), 183, in an elaborate opinion by Chief-Justice STARKEY; *Terry* v. *Tubman*, 42 U. S. Rep., 158; *Terry* v. *Anderson*, 95 U. S. Rep., 628.

But these suggestions are offered in support of a construction which confines the clause to existing and future causes of action, and arrests the further running of the statute against such claims as may have been or may hereafter be filed with the personal representative according to the provisions of the section of C. C. P. (164) thus amended.

It would be scarcely respectful to the legislature to suppose more was meant than a suspending of the statute, so that the efflux of time thereafter should not be counted in ascertaining the time for the operation of the bar.

There is error in the ruling of the court, and it must be reversed and the judgment here entered for the defendant.

Error.                                              Reversed.