J. S. LOCKHART v. V. BALLARD and W. S. HALLYBURTON, Trustees of W. T. BLACKWELL.*

*Surety—Parol Evidence to Show Suretyship—Inadvertent Admission in Pleadings After Special Denial, Erroneous Judgment on.*

1. Parol evidence is admissible to show that one apparently a principal on a note is, in fact, a surety.

2. Where, after a specific denial in an answer of the allegations of a complaint, a subsequent paragraph of the answer, by inadvertence, virtually admitted such allegations, and in another suit against same defendants by other parties the answer specifically denied such allegations, and the actions were, by consent, consolidated, it was error in the Court below to render judgment for the plaintiff in the first suit upon such inadvertent admission, for whatever question might have arisen on the conflicting pleading was obviated by the consolidation of the two actions and the express denial in the latter suit.

CIVIL ACTION, heard at June Term, 1893, of DURHAM Superior Court, before *Bryan, J.,* the nature of which, and the facts connected therewith, sufficiently appear in the opinion of Associate Justice CLARK.

Appeal by the National Exchange Bank, of Dallas, *et al.*

*Messrs. J. S. Manning* and *Busbee & Busbee,* for appellants. *Messrs. W. A. Guthrie* and *Boone & Parker, contra.*

CLARK, J.: The tenth class, into which the judgment admits the appellee creditors, is thus described in the deed of assignment: "To J. S. Lockhart, or the holders thereof, the amount of all notes and drafts on which J. S. Lockhart is bound as surety, or acceptor, or endorser for W. T. Blackwell, all the same amounting to about thirty-five thousand dollars, and having been done for the benefit and accommodation of W. T. Blackwell." On none of the paper set out in the judg-

*BURWELL, J., did not sit.

ment does J. S. Lockhart appear as "surety, or acceptor, or endorser for W. T. Blackwell," nor does it appear that they were executed "for the benefit and accommodation of W. T. Blackwell." Parol evidence was competent to show that, notwithstanding the apparent relation of the parties upon the face of the notes and drafts, the relation of J. S. Lockhart in regard to them was, in fact, either that of "surety, endorser or acceptor for W. T. Blackwell, or that they were executed for his benefit." But no evidence was introduced, and it was error to hold that this was established by admissions in the pleadings. There were two suits—one by creditors claiming to come under class ten, and the other by creditors belonging to the fourteenth class—seeking to restrain the defendants, assignees of Blackwell, from paying out to the plaintiffs in the first suit under class ten. These two suits were consolidated without objection, and the plaintiffs in the two separate actions are, in effect, the real litigants, the nominal defendants being mere stakeholders. The answer to the complaint filed in the suit first brought denies specifically the allegation of the appellee creditors, plaintiffs in that suit. The following section of the answer, however, admits, by inadvertence probably, the ninth allegation of the complaint. Whatever question might have arisen upon this conflicting pleading was obviated by the consolidation of the two actions and the express denial in the pleadings in the latter case that the appellee creditors are in anywise entitled to come within class "ten." As always in creditors' bills, one creditor can plead a defence to the claim of another creditor, since its exclusion enlarges the fund in which he himself is to share. *Oates* v. *Lilly*, 84 N. C., 643.

The notes and drafts sued on by those claiming under class ten aggregate within a few thousands of the thirty-five thousand dollars specified in that clause. This fact, however, cannot supply, by itself, evidence to show that Lockhart was "surety, endorser or acceptor" on the notes and drafts set out in the pleadings.

While the judgment is erroneous in holding that, upon admissions in the answer, the appellees were entitled to share in class ten, it may be that when the case goes back evidence can be found to prove that, notwithstanding in form, J. S. Lockhart was not "surety, endorser or acceptor for W. T. Blackwell," yet, in fact, that was the true relation he occupied as to the notes and drafts in controversy. *Southerland* v. *Fremont*, 107 N. C., 565. If so, it would be decreed that the holders thereof should participate in said estate under class ten. If this is not shown, those claimants would come in under section 14 and share *pro rata* with the other creditors named in that class.                                    Error.