WILLIAM A. DUNN, Receiver of the Clinton Loan Association *et al.* v. MITTIE R. BEAMAN, Administrator *c. t. a.* of JOHN R. BEAMAN, Sr., *et al.* Heirs and Devisees.

(Decided May 29, 1900.)

*Proceeding by Creditors—The Code, Section 1448—Statute of Limitations—Reference of a Claim Under The Code, Section 1426—Evidence, Section 590.*

(*In re.* Claim of Defendants.   Appeal by Plaintiff.)

## No. 2

1. The proceedings authorized by sec. 1426 of The Code are between a creditor and the personal representative of the estate,and have no application to a creditors' bill under The Code, sec. 1448, instituted to take the administration into the hands of the court.

2. Holder of a claim against the decedent is incompetent under The Code, sec. 590, to prove non-payment, or non-information from him of its existence.

3. Upon a deficiency of assets one creditor may set up the Statute of limitations to the claims of another creditor, and being pleaded, the burden is upon the claimant to show his claim is not barred.

4. *Semble.* A right of action as to a debt, once barred by lapse of time, can be restored by legislation, but otherwise when title to property has ripened by lapse of time prescribed.

5. In the absence of averment and proof of fraudulent concealment, the records of the court and public proceedings under them put all parties on notice by the recitals therein contained, and set the statute in operation.

6. Ten years after ward coming of age bars an action by him against his guardian for settlement.

CREDITOR'S BILL, instituted under The Code, sec. 1448, by creditors of the estate of John R. Beaman, Sr., deceased, heard before *Timberlake, J.,* at April Term, 1899, of Sampson Superior Court, upon exceptions to report of referee. The exceptions were overruled, and judgment was rendered confirming the report.

The plaintiffs excepting to so much thereof as established the claim of defendants, took an appeal.

The nature and circumstances connected with defendants' claim are discussed in the opinion.

*Messrs. R. O. Burton,* and *H. G. Connor & Son,* for appellant.

*Messrs. Allen & Dortch, J. D. Kerr, Marion Butler,* and *F. R. Cooper,* for appellees.

CLARK, J.   This proceeding was begun by a creditor of John R. Beaman, deceased, on the 23d of February, 1894, against the administratrix of said Beaman and his heirs-at-law to procure a settlement of his estate, and to subject his realty, under the provisions of The Code, sec. 1448.   At February Term, 1895, a referee was appointed "to ascertain the indebtedness of the estate and the parties to whom it was due."   Some time after this action was begun, the children of John R. Beaman, claiming that their father was indebted to them in the sum of $10,725, with interest thereon from July 15, 1861, for proceeds of realty which, as the guardian of some of them, he had procured to be sold, agreed with their co-defendant, and sister, the administratrix, to refer the claim under The Code, sec. 1426.   The referees reported on April 1, 1896, allowing the claim in full, although three of the children were of full age at the time of the sale in 1861, and parties to the proceeding under which the land was sold.   The

referee in this action properly disallowed the claim based upon such award under The Code, sec. 1426, and ruled that after one creditor has instituted a creditor's bill he can not be cut off from contesting another creditor's claim and pleading the statute against it, by a collateral proceeding between the administratrix and such other creditors. The proceedings authorized by sec. 1426 are between a creditor and the personal representative in the ordinary course of administration, and have no application when an action has been begun under The Code, sec. 1448, to take the administration into the hands of the court, which thereupon, appoints the referee to ascertain the indebtedness and a commissioner to sell the property, and takes in hand the settlement of the estate. Besides, the children and heirs-at-law of Beaman, as well as the administratrix who assented to the attempted reference, were parties defendant in this action, and bound by the reference herein to determine the indebtedness. However, that side is not appealing, and the rejection of the attempted award of April 1, 1896, is not really before us upon any exception.

The referee allowed the claim of those five of the eight children who were wards of Beaman at the time of the sale, and that brings up the question of the statute of limitations, the decision of which in favor of the plaintiff renders it unnecessary to discuss his exceptions to the admission of evidence. It is proper, however, to say that the children seeking to prove their claims against the estate of John R. Beaman were incompetent under The Code, sec. 590, to prove nonpayment of the indebtedness to them by their father, or that he never informed them of this indebtedness, and it was error to admit their testimony.

The referee finds as facts that on February 19, 1861, John R. Beaman qualified as guardian of his five minor children;

that at February Term, 1861, as their guardian, and with the joinder as parties with him of his three adult children and their husbands, he filed a petition for sale for partition of 1350 acres of land which had been devised to his said children by one Carraway, the property was sold at the price of $10,800 to one Cobb, who paid the purchase money, netting $10,725 after deducting court costs, to the clerk and master, who executed a deed to the purchaser upon confirmation of the sale. The referee finds that the five-eighths belonging to the wards was paid over to John R. Beaman, guardian, but that there is no evidence that the shares of the three adults was paid to him. He finds that none of said wards have been paid their shares by their father, and that they had no knowledge of the facts upon which their claim is based, until within three years before their said claim was presented to him at the hearing, March 17, 1897. As the referee finds that the assets of the estate are insufficient to pay all the indebtedness, any creditor has the right to set up the statute of limitation (which is here pleaded by the plaintiff) against any other, although it has not been pleaded by the administrator. *Wordsworth v. Davis,* 75 N. C., 159; *Oates v. Lilly,* 84 N. C., 643; *Lockhart v. Ballard,* 113 N. C., 292.

The statute of limitation being pleaded, the burden is upon the claimants to show that they are not barred. *House v. Arnold,* 122 N. C., 220, and numerous cases there cited. The youngest of the five wards, living July 15, 1861, was necessarily of age sometime prior to July 15, 1882, and, in fact, the age of the youngest person, which is found by the referee, is that of John R. Beaman, Jr., who became of age March 2, 1879. The referee held that the limitation of an action by a ward against his guardian is ten years from his arrival at age, when no account is filed (*Kennedy v. Cromwell,* 108 N. C., 1), and as to him, the ten years bar was completed

49——126

March 2, 1889, prior to chap. 269, Laws 1889, which was ratified on the 6th of March, 1889. The provisions of The Code, sec. 155 (9), allowing three years from discovery of a fraud applied only to "cases heretofore solely cognizable in courts of equity," and an action by a ward for recovery of an amount due him by his guardian could have been brought in a court of law, and hence the youngest of these wards was barred March 2, 1889.

The referee holds, however, and was sustained by the Judge below, that though "this claim was already barred when chap. 269, Laws 1889, was passed, it was revived thereby." That chapter struck out the words, "in cases heretofore solely cognizable in courts of equity," from sec. 155 (9), of The Code. The ruling, that though a debt is barred by the statute of limitation the Legislature may remove the bar by repealing the limitation after it has accrued, is within the reasoning of PEARSON, C. J., in *Hinton v. Hinton,* 61 N. C., 410, and is sustained by Justice MILLER, in *Campbell v. Holt,* 115 U. S., 620, decided in 1885, the Court in the latter case holding that this is true as to a debt, though not as to the title to property which has ripened, because *time does not pay the debt, but time may vest the right of property.* On the other hand, it has been held by the Supreme Court of this State (1884), in *Whitehurst v. Dey,* 90 N. C., 542, that the Legislature can not revive a right of action as to a debt when it has become barred by the lapse of time, though it is true the decision was not necessary to the disposition of that case. The point is an interesting and important one, but it is not necessary that we pass upon it, for there is no state of facts to which it is applicable.

There is no allegation of fraud as to John R. Beaman in the pleadings filed by his children as the foundation of their claim—nothing beyond the mere averment that they (the

children) were not aware, till 1894, of the sale of the land and the receipt of the money by their father. There is no averment of any fraudulent concealment or any concealment of the facts by him. The averment made is not sufficient to predicate a finding of fraud; nor is there any proof of fraud; nor is there any evidence tending to show fraud on his part. Counsel for the children disavow any intention to charge their father with fraud in fact—"any intentional or wilful fraud"— but say that their ignorance of the facts is proof of constructive fraud by him. It shows their confidence in their father, from whom they expected to receive a large estate, and who in fact made them large advancements, and their abandonment of all matters to him, but the inferential finding of fact (for it is not directly made) by the referee of "fraudulent concealment" by him is without any evidence or any allegation in the pleadings to support it, and the exception on that ground must be sustained. The children had legal notice of the facts. The will of Carraway, under which their title accrued, was probated and recorded in 1844, the land devised to them was sold for partition in 1861 at the court-house door after due advertisement under a decree in equity, the proceedings in equity were duly recorded, to which three of the children who were adults, together with their husbands, were parties praying the sale, and the decree of confirmation was properly enrolled. The deed from the clerk and master to the purchaser was duly recorded in the register's office, and was notice to the children as well as to all the world, and they were put on notice by the recitals therein contained.

There was the widest and most entire publicity, and an entire absence of any proof tending to fix John R. Beaman's memory with the stain of any fraud upon his children. The sale was in 1861; the youngest ward became of age in 1879; they all lived in the county, it seems, except one who has since left the State, and it is not to be held that, all through these

years, there was constructively a "fraudulent concealment" of a transaction conducted with such publicity. The limitation is not "three years from the discovery by a party of rights hitherto unknown to him," but "from the discovery of *facts constituting fraud.*"

The children may have been negligent in inquiring as to their rights or in asserting them, or may have forgotten facts which they once knew, and which three of them· are conclusively fixed with having known at the time of the sale (since they can not impeach the decree collaterally), but there is nothing to sustain a finding of fraud. This being so, the Act of 1889 has no bearing and requires no discussion.

