JOHNSON COTTON COMPANY v. ALEX SPRUNT AND COMPANY, INCORPORATED.

(Filed 7 October, 1931.)

1. **Agriculture D e—Evidence of identity of cotton purchased by defendant as that upon which plaintiff had crop lien held sufficient.**

   Where the holder of an agricultural lien on a cotton crop sues the purchaser from the grower of the crop for money received, and introduces evidence that the grower during the year in question planted about fifty-five acres in cotton and averaged a bale to the acre, that a witness helped the grower carry "a heap of bales" to the gin at night, that there were twenty-six bales in the grower's yard which were carried to the place of business of the purchaser in another city and sold to him, and that the grower had no other crop but cotton during the year in question, is *held* sufficient evidence of the identity of the cotton to be submitted to the jury.

2. **Limitation of Actions B b—Where defendant does not commit fraud or participate therein C. S., 441(9) does not apply.**

   Where an action is brought against the purchaser of cotton to recover for money received, upon allegations that the cotton was impressed with a crop lien in favor of the plaintiff, it being alleged that the grower sold the crop to the purchaser and that the grower fraudulently concealed from the plaintiff the fact of sale and the whereabouts of the cotton, *Held:* there is no allegation or proof that the purchaser fraudulently concealed the fact of sale or participated in any fraud in connection therewith, and as to him the action is barred by the lapse of three years, C. S., 441(9) not applying as to the action against the purchaser.

CIVIL ACTION, before *Moore, Special Judge,* at April Term, 1931, of HARNETT.

The plaintiff alleged that on 27 March, 1926, M. J. Jernigan and Venie Jernigan, his wife, executed and delivered to it an agricultural lien in the sum of $1,271.25 "upon their crops of cotton raised by them during the year 1926." It was further alleged that in 1926 the said

Jernigan, "with intent to cheat and defraud the plaintiff and conceal from plaintiff said cotton, caused the same to be carried to the city of Wilmington and there sold in a name to this plaintiff unknown, to Alex Sprunt and Son, Incorporated, disposing of said cotton in a secret manner and under a fictitious name in order to keep the same from being traced." It was further alleged "that plaintiff has just discovered" that in 1926 the said Jernigan and others carried twenty-six bales of cotton grown upon the lands covered by the mortgage of the plaintiff, and sold the same to the defendant." Whereupon the plaintiff prayed judgment for money had and received in the sum of $1,096.20.

The answer of the defendant denies the allegation of the complaint and pleads the statute of limitations. The suit was instituted on 24 June, 1930.

The evidence of plaintiff tended to show that demand had been made upon Jernigan from time to time, and that plaintiff had discovered that the cotton was sold about a month after it happened, to wit, about December, 1926. It further appeared that in December, 1926, the plaintiff issued claim and delivery for the cotton, and the sheriff returned the papers with the following entry: "No property or crops found."

Witness for plaintiff testified in reference to the identity of the cotton, that he got the cotton that was sold in Wilmington out of Jernigan's yard and that he had helped Jernigan load the cotton and carry it to the gin that fall, "a heap of bales at night." . . . "I just could not say whether this cotton was raised on his land or not. He did not have any other crop that year except that. I tended seven acres with Malcolm Jernigan. He had a brother up there farming, adjoining him, who tended ten acres for him. I do not know whether a part of the cotton carried to Wilmington belonged to him. I just know where I got my load. . . . There were twenty-six bales of cotton in that lot. I cannot say of my own knowledge to whom any of it belonged. I just know I loaded mine out of his yard, that is all." Another witness for plaintiff testified that he hauled cotton for Malcolm Jernigan to Wilmington in 1926, and that it was sold to the defendant in the name of one J. S. Draughon.

At the conclusion of plaintiff's evidence there was judgment of nonsuit, and the plaintiff appealed.

*Young & Young for plaintiff.*
*J. O. Carr and James Best for defendant.*

BROGDEN, J. 1. Was there sufficient evidence of identity of the cotton to be submitted to the jury?
2. Is the claim of plaintiff barred by the statute of limitations?

The plaintiff alleged that the agricultural lien, executed by Jernigan and wife, covered "their crops of cotton raised by them during the year 1926." The evidence tended to show: (a) that Jernigan, during the year 1926, had about thirty-five acres in cotton, and that the yield "averaged a bale to the acre"; (b) that the defendant carried "a heap of bales" to the gin at night: (c) there were twenty-six bales of cotton in Jernigan's yard, which were carried to Wilmington and sold to the defendant; (d) Jernigan did not have any other crop during the year of 1926 except cotton.

Discussing the question of identity of cotton in *Long v. Hall,* 97 N. C., 286, 2 S. E., 229, the Court said: "It was the duty of plaintiff to show, affirmatively, by a preponderance of evidence, that it was the identical cotton, and if the evidence presented any question on that point, it was for the jury to weigh and determine." Applying the principle of law, the Court is of the opinion that there was some evidence that the cotton in controversy was raised by Jernigan during the year 1926.

Plaintiff contends that the statute of limitations applicable is C. S., 441, subsection 9, and that the sale of the cotton was not discovered until 1930. Hence, the statute of limitations would run from the discovery of the fraud, and, as suit was brought in June, 1930, the action can be maintained.

However, there is no allegation and no proof that the defendant committed a fraud or participated therein or did any act to conceal the purchase of the cotton or to prevent the disclosure of all the facts surrounding the transaction. Hence, as to the defendant, the cause of action having accrued more than three years before the suit was brought, the judgment of nonsuit was correctly entered. *Dunn v. Beaman,* 126 N. C., 766, 36 S. E., 172.

Affirmed.