894

D. E. Henderson, of Charlotte, N. C., for plaintiff Women's Catholic Order of Foresters.

D. H. Tillitt, of Andrews, N. C., for defendants.

WEBB, District Judge.

The only point to be decided in this case is whether or not the plaintiff is barred from recovering of the defendant the amounts due on seven interest-bearing coupons numbered 37 to 43.

The defendant has pleaded the statute of limitations as to these amounts which fell due from January 1, 1932, up to and including January 1, 1935. These coupons were attached to an issue of bonds voted for and authorized by defendant, Valleytown Township, in Cherokee County, under an act of the Legislature at its session of 1913, authorizing and permitting the voters of Valleytown township to issue these bonds for the purpose of aiding in the construction of the Hiwassee Valley Railway Company.

The statute of limitations pleaded by the defendant is as follows: "All claims against counties, cities and towns of this state shall be presented to the chairman of the Board of county commissioners or to the chief officers of cities and towns within two years after the maturity of such claims, or the holders shall be forever barred from the recovery thereon."

There has undoubtedly been some question in the minds of the courts of this state as to whether or not the word "claims" in this statute includes regularly issued bonds and coupons attached. See Wharton v. Currituck County Com'rs, 82 N.C. 11. Chief Justice Smith in this case says: "The obvious purpose of the law is to enable those municipal bodies mentioned in it, to ascertain and make a record of its valid outstanding obligations, and to separate them from such as are spurious or tainted with illegality and denounced in the constitution. And if as the facts found show this information, full and accurate, was already in possession of the corporate authorities of the county and spread upon its records, and the nature, amount, date and time of maturity of its indebtedness determined and made the basis of an apportionment between the counties, for what end was it needful to have a new presentation of the claims and another record of the same import?"

However, I am of the opinion that the claim against the defendant for the amount shown by these 7 interest-bearing coupons was barred by this statute of limitations, and would be barred now, but for the fact that on March 22, 1937, Pub.Laws N.C. 1937, c. 359, § 1, the Legislature of North Carolina amended this statute of limitations by adding thereto this sentence: "Provided, however, that the provisions of this paragraph shall not apply to claims based upon bonds, notes, and interest coupons."

The question before me is whether or not these interest-bearing coupons can now be sued upon, since the statute of limitations has been so amended. In other words, does this amendment of 1937 lift and set aside the bar of the statute so as to allow the plaintiff now to sue upon these once-barred claims?

The Supreme Court of North Carolina, in the case of Whitehurst v. Dey, 90 N.C. 542, says: "If, however, we are compelled by the general words used to extend the

enactment so as to embrace claims which had become remediless by action at the time of its passage, and impart new life and activity to the obligation, we should be disposed to hold its operation in these cases to be an impairment of vested rights and as falling within the inhibition of the federal constitution, notwithstanding the doubt expressed by Mr. Justice Reade in Pearsall v. Kenan, 79 N.C. 472 [28 Am. Rep. 336]."

But it should be noted that Mr. Justice Clarkson, of the Supreme Court of North Carolina, speaking for a unanimous court in the case of Wilkes County v. Forester, 204 N.C. 163, 167 S.E. 691, 694, says: "On the other hand, it has been held by the Supreme Court of this state (1884) in White-hurst v. Dey, 90 N.C. 542, that the legislature cannot revive a right of action as to a debt when it has become barred by the lapse of time; though it is true the decision was not necessary to the disposition of that case. The point is an interesting and important one, but it is not necessary that we pass upon it, for there is no state of facts to which it is applicable."

Justice Clarkson, speaking for the court, further says in the Wilkes County case: "The ruling, that though a debt is barred by the statute of limitation the legislature may remove the bar by repealing the limitation after it has accrued, is within the reasoning of Pearson, C.J., in Hinton v. Hinton, 61 N.C. 410, and is sustained by Justice Miller, in Campbell v. Holt, 115 U. S. 620, 6 S.Ct. 209, 29 L.Ed. 483, decided in 1885; the court in the latter case holding that this is true as to a debt, though not as to the title to property which has ripened, because time does not pay the debt, but time may vest the right of property."

I think it has been universally held by courts in this country and in England that wherever a title to property has ripened by reason of the running of the statute of limitations, that title becomes a vested right and cannot be disturbed by subsequent act of legislative authority.

But this suit does not concern vested rights in property. It concerns a debt which was honorably created and is still owed by the defendant to the plaintiff. The statute of limitations in question never destroyed this debt but only suspended the plaintiff's remedy to collect it.

Justice Miller, in speaking for the court in Campbell v. Holt, supra, quotes the fol-lowing sentences [115 U.S. 620, 6 S.Ct. 211, 29 L.Ed. 483]: "The same reason does not apply to assumpsit because the statute of limitations does not destroy the right in foro conscientia to the benefit of assumpsit, but only bars the remedy if the defendant chooses to rely on the bar. Time does not pay the debt, but time may vest the right of property * * * because the statute of limitations does not destroy nor pay the debt."

I quote again from a quotation from Judge Miller: "The rule in the courts of the United States, in respect to pleas of the statute of limitations, has always been that they strictly affect the remedy, and not the merits."

I quote again from Justice Miller: "In all this class of cases the ground taken is that there exists a contract, but, by reason of no remedy having been provided for its enforcement, or the remedy ordinarily applicable to that class having, for reasons of public policy, been forbidden or withheld, the legislature, by providing a remedy where none exists or removing the statutory obstruction to the use of the remedy, enables the party to enforce the contract, otherwise unobjectionable. Such is the precise case before us. * * * It was a valid contract, implied by the law before the statute began to run in 1866. Its nature and character were not changed by the lapse of two years, though the statute made that a valid defense to a suit on it. But this defense, a purely arbitrary creation of the law, fell with the repeal of the law on which it depended. * * * We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right, so as to be beyond legislative power in a proper case. * * * No man promises to pay money with any view to being released from that obligation by lapse of time. It violates no right of his, therefore, when the legislature says time shall be no bar, though such was the law when the contract was made. The authorities we have cited, especially in this court, show that no right is destroyed when the law restores a remedy which had been lost. * * * We are unable to see how a man can be said to have property in the bar of the statute as a defense to his promise to pay. In the most liberal extension of the use of the word 'property' to choses in action, to incorporeal rights, it is new to call the defense of lapse of time to the obligation to pay money,

896

property. It is no natural right. It is the creation of conventional law. * * * We can see no right which the promisor has in the law which permits him to plead lapse of time instead of payment, which shall prevent the legislature from repealing that law because its effect is to make him fulfill his honest obligations".

I am of the opinion that the legislature which passed the statute of limitations in question has the power to repeal or amend the statute. In the case before us the legislature did amend this statute, which is being pleaded in this cause, by providing that such statute should not apply to claims based upon bonds, notes and interest coupons.

In other words, it seems to me that the legislature of North Carolina said in effect that unless claims were presented within two years they would be barred, but added to this provision that such bar should not apply to claims of the character sued on in this cause. The defendant is not deprived of any vested right by this ruling, but is only required to pay a debt honestly made, and which the defendant honestly intended to pay when it became due.

I am constrained to hold, therefore, and do hold, that under the circumstances the plaintiff's claim is not barred, and that said plaintiff is entitled to recover judgment on the interest-bearing coupons described in the complaint, and numbering 37 to 43. I shall therefore award judgment for this amount, as well as for the other claims not contested by the defendant.