956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIRST INVESTORS CORPORATION; Liberty Mutual Insurance
Company, as Subrogee of First Investors
Corporation, Plaintiffs-Appellants,
v.
CITIZENS BANK, INCORPORATED, t/a Citizens Bank; Union
Bancshares, Incorporated, t/a Citizens Bank,
Defendants-Appellees.
 No. 91-1728.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1991.
Decided Feb. 28, 1992.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Woodrow Wilson Jones, Senior District Judge. (CA-90-130-B-C)
 Argued: David James Groth, Cozen & O'Connor, Philadelphia, Pa., for appellants; Rudolph Andrews Bata, Jr., Rudolph A. Bata, Jr., P.A., Murphy, N.C., for appellees.
 On Brief: Hunter C. Quick, Cozen & O'Connor, Philadelphia, Pa., for appellants.
 W.D.N.C., 757 F.Supp. 687.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 First Investors Corporation and Liberty Mutual Insurance Company appeal the district court's grant of summary judgment in favor of Citizens Bank and Union Bancshares. The district court found the action to recover the value of numerous checks was grounded only in conversion and, therefore, barred under North Carolina's statute of limitations. N.C.Gen.Stat. § 1-52(4). The appellants' ultimate goal is to have a "discovery" rule applied to their action which would toll the three-year statute of limitations. In this context, appellants claim that the district court erred in finding their action was not grounded in negligence and therefore not governed by N.C.Gen.Stat. § 1-52(5) and its tolling provision; and alternatively, in not applying the tolling provision of N.C.Gen.Stat. § 1-52(16) to § 1-52(4). If the above arguments fail, they argue that N.C.Gen.Stat. § 1-52(9), relating to fraud, and its included tolling provision is applicable. For the reasons given below, we affirm.
 
 
 2
 * First Investors is a financial services organization engaged in selling shares of nineteen mutual funds. Liberty Mutual is the insurer of First Investors and subrogee in this suit. In January of 1985, First Investors hired Dorcas Brooks as a registered agent to sell First Investors' mutual funds. At an unknown date, Brooks began to sell what she described as a "mutual fund" but which was not one of the nineteen offered by First Investors. During this time she continued to sell and to receive payments for the nineteen mutual funds offered by First Investors. The checks were made payable to "Dorcas Brooks and/or to First Investors," and were deposited by Brooks into several accounts at Citizens Bank in Murphy, North Carolina. The last date of deposit by Brooks was on June 9, 1987.
 
 
 3
 First Investors alleges that it first discovered the scheme on July 24, 1987, whereupon they immediately began an investigation. Brooks, in the meantime, had withdrawn the funds. As a result of Brooks' fraud, First Investors was required to pay the defrauded customers $639,000. On July 16, 1990, more than three years after Brooks' last deposit, First Investors and Liberty Mutual (hereinafter First Investors) filed suit against Citizens Bank and Union Bancshares, a bank holding corporation which had recently purchased Citizens Bank, alleging that they were liable in conversion and negligence because Citizens Bank allowed Brooks to open the accounts without a corporate resolution or signature card, conducted no investigation as to Brooks' authority to endorse checks made payable to her and/or First Investors, and gave Brooks "free reign" over the accounts.
 
 
 4
 The district court, finding that the complaint was grounded only in conversion and subject to North Carolina's applicable three-year statute of limitations, granted summary judgment in favor of Citizens Bank and Union Bancshares.
 
 II
 
 5
 The parties' dispute centers on section 1-52 of the General Statute of North Carolina. It provides, in pertinent part:
 
 
 6
 Within three years an action--
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 (2) Upon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it.
 
 
 11
 .............................................................
 
 
 12
 ...................
 
 
 13
 * * *
 
 
 14
 (4) For taking, detaining, converting or injuring any goods or chattels, including action for their specific recovery.
 
 
 15
 (5) For criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated.
 
 
 16
 .............................................................
 
 
 17
 ...................
 
 
 18
 * * *
 
 
 19
 (9) For relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake....
 
 
 20
 (16) Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of action referred to in G.S. 115(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs.
 
 
 21
 First Investors contended below and argues on appeal that its complaint alleged an action in negligence. If so, the tolling section 152(16), which applies to North Carolina's statute of limitations for negligence, would prevent First Investors' claim from running until Brooks' fraud was discovered. Alternatively, First Investors contend that section 1-52(16) also applies to conversion.
 
 
 22
 There is no question but that First Investors' cause of action is properly grounded in conversion as defined in N.C.Gen.Stat. § 25-3419. See also Cartwood Construction Company v. Wachovia Bank and Trust Company, N.A., 352 S.E.2d 241, 244 (N.C.App.), affirmed, 357 S.E.2d 373 (N.C.1987). Like the district court, we are persuaded that Citizens Bank's actions, or lack thereof, cannot form the basis for a suit in negligence. In Cartwood, the North Carolina court considered a complaint alleging both conversion and negligence. The court, focusing on the conversion count, said:
 
 
 23
 Wachovia is a depository bank, and N.C.Gen.Stat. Sec. 253-419 (1986) provides that a depository bank ... which deals with the instrument in "good faith and in accordance with reasonable commercial standards," is not liable in conversion beyond the amount of any proceeds remaining in its hands. The critical inquiry is whether the bank dealt with the instrument in good faith and in accordance with reasonable commercial standards.... Id. at 244. Concerning the negligence count, it added: Cartwood argues that Wachovia's acceptance of the checks for deposit in Patterson's account gives rise to a separate action for negligence. We disagree. Wachovia's duties regarding its handling of the instruments are specifically defined under N.C.Gen.Stat. Sec. 25-3-419 which gives Cartwood an action in conversion and provides a remedy. This assignment of error is overruled.
 
 
 24
 Id. First Investors attempts to distinguish Cartwood, arguing that the omissions of Citizens Bank involved more than "handling of the instruments" as was the case in Cartwood. We do not think this difference is meaningful. In Cartwood, the bank received and honored forged instruments. Here, Citizens Bank permitted the opening of an account and allowed Brooks to make deposits and withdrawals on forged documents unauthorized by appropriate corporate resolutions. In analogous circumstances, Cartwood expressed in a brief, but telling, opinion that a depository bank's obligations are spelled out exclusively in N.C.Gen.Stat. § 25-3-419, and that the only action against a bank for "its handling of the instruments" is in conversion.
 
 III
 
 25
 First Investors' alternative argument is that N.C.Gen.Stat. 152(16) applies to conversion, tolling the statute of limitations until Brooks' fraud was discovered. Section 1-52(16) provides:
 
 
 26
 (16) Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of action referred to in G.S. 115(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs.
 
 
 27
 In our view, and contrary to First Investors' position, this provision is unambiguous and applies only to actions for personal injury or physical damage to property. We know of no authority classifying conversion of commercial instruments as "physical damage to ... property." North Carolina cases interpreting section 1-52(16) concern physical damage to property in the traditional sense. See Marshburn v. Associated Indemnity Corp., 353 S.E.2d 123, 128 (N.C.App.), cert. denied, 356 S.E.2d 779 (N.C.1987) (home struck by lightning), and Pembee Manufacturing Corp. v. Cape Fear Construction Co., 329 S.E.2d 350, 354 (N.C.1985) (defective roof). In the absence of specific guidance from the North Carolina Supreme Court, we are not inclined to include "physical damage to ... property" into the provision governing conversion, section 1-52(5).
 
 IV
 
 28
 As a final alternative, First Investors urges us to apply N.C.Gen.Stat. § 1-52(9), the statute of limitations provision relating to fraud. Although First Investors failed to allege fraud in its complaint, they now argue that section 1-52(9) applies because fraud is an essential element of their case. They cite Cooper v. Floyd, 177 S.E.2d 442 (N.C.App.1970), which held that an injured party who never pleaded fraud, and whose cause of action was not fraud, may nonetheless avail himself of the discovery rule under section 1-52(9) where he was unable to discover his injury because of the fraudulent conduct of a third party. First Investors argues that Cooper is analogous because they were unable to discover the conversion because Brooks fraudulently concealed her scheme.
 
 
 29
 Again, we are unpersuaded. Even assuming the fraud argument has not been waived, the North Carolina Supreme Court has held that N.C.Gen.Stat. § 1-52(9) does not prevent the running of the statute of limitations where the defendant did not participate in the fraud or concealment. Johnson Cotton Co. v. Alex Sprunt and Son, Inc., 160 S.E. 457 (N.C.1931). First Investors makes no claim that Citizens Bank acted fraudulently.
 
 
 30
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 31
 AFFIRMED.